J-S41027-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| TYRON HANDY | : | |
| | : | |
| Appellant | : | No. 2590 EDA 2017 |

Appeal from the PCRA Order August 15, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0011699-2014

BEFORE:   GANTMAN, P.J., OLSON, J., and STEVENS*, P.J.E.

MEMORANDUM BY OLSON, J.:                        **FILED AUGUST 16, 2018**

Appellant, Tyron Handy, appeals from the order entered on August 15, 2017, dismissing his first petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

The PCRA court summarized the facts and procedural history of this case as follows:

> [Appellant] was arrested on June 27, 2014, and charged with murder of the third degree, criminal conspiracy, possessing an instrument of crime and violation of the Uniform Firearms Act. Following a preliminary hearing on October 15, 2014, [Appellant] was bound over for court on all charges.  [Appellant] entered a negotiated plea on November 30, 2015, to the charge of murder in the third degree, possessing an instrument of crime, carrying a firearm without a license as well as on the streets of Philadelphia. The agreement called for, and [Appellant] received, an aggregate sentence of [25] to [60] years' incarceration.  No direct appeal was taken. [Appellant filed a] PCRA petition [on] November 18, 2016.   Counsel was appointed to represent [Appellant], who subsequently filed an amended petition on February 24, 2017. The Commonwealth filed [a] motion to dismiss on June 1, 2017,

_____
*   Former Justice specially assigned to the Superior Court.

and after an independent review of the record and arguments of counsel, a notice of intent to dismiss pursuant to [Pa.R.Crim.P.] 907 was mailed to [Appellant] and his counsel on July 10, 2017. No response was received by the [PCRA] court to that notice. The [PCRA] petition was dismissed on August [15, 2017].

PCRA Court Opinion, 11/8/2017, at 1-2. This timely appeal resulted.[1]

On appeal, Appellant presents the following issue for our review:

1. Should Appellant have been permitted to withdraw his guilty plea because plea counsel was ineffective for failing to inform Appellant of the elements of the crimes to which Appellant pled and Appellant should be allowed to withdraw his plea because it was not knowing, intelligent, and voluntary?

Appellant's Brief at 4.

In sum, Appellant argues:

[N]one of the crimes or the elements of each offense were explained to Appellant by his counsel, the same counsel that conducted the oral colloquy [prior to the trial court's acceptance of the plea]. There is also no description of the elements of the crimes in the written plea.

Plea counsel was ineffective for not explaining the elements of the crimes and tying the elements to the facts alleged. As a result, Appellant's plea was not voluntarily made because he did not know essentially what he was pleading to and Appellant suffered prejudice because he would not have accepted the plea had he known the elements of the crimes.

_____

[1]  Appellant filed a notice of appeal on August 11, 2017, prior to the PCRA court's dismissal of the PCRA petition on August 15, 2017. However, we consider the notice of appeal as filed on the date of the dismissal. *See* Pa.R.A.P. 905(a)(5) ("A notice of appeal filed after the announcement of a determination but before the entry of an appealable order shall be treated as filed after such entry and on the day thereof."). On August 21, 2017, the PCRA court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant complied timely. The PCRA issued an opinion pursuant to Pa.R.A.P. 1925(a) on November 8, 2017.

This constitutes a manifest injustice because Appellant was in no way informed of the elements of the crimes and could not, therefore, know anything about the legal principles associated with the crimes to which Appellant entered pleas and the associated applicability of the crimes to the facts alleged.

*Id.* at 10-11.

"We must determine whether the PCRA court's ruling is supported by the record and free of legal error." ***Commonwealth v. Johnson***, 179 A.3d 1153, 1156 (Pa. Super. 2018). Our standard of review when considering a claim of counsel ineffectiveness is as follows:

> The law presumes counsel has rendered effective assistance. The burden of demonstrating ineffectiveness rests on Appellant. To satisfy this burden, Appellant must plead and prove by a preponderance of the evidence that: (1) his underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and, (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the challenged proceeding would have been different. Failure to satisfy any prong of the test will result in rejection of the appellant's ineffective assistance of counsel claim.

*Id.* at 1158 (internal citations and quotations omitted).

> Regarding the entry of a guilty plea:
>
> A valid plea colloquy must delve into six areas: 1) the nature of the charges, 2) the factual basis of the plea, 3) the right to a jury trial, 4) the presumption of innocence, 5) the sentencing ranges, and 6) the plea court's power to deviate from any recommended sentence.
>
> Additionally, a written plea colloquy that is read, completed and signed by the defendant and made part of the record may serve as the defendant's plea colloquy when supplemented by an oral, on-the-record examination. A plea of guilty will not be deemed invalid if the circumstances surrounding the entry of the plea disclose that the defendant had a full understanding of

the nature and consequences of his plea and that he knowingly and voluntarily decided to enter the plea. Our law presumes that a defendant who enters a guilty plea was aware of what he was doing. He bears the burden of proving otherwise. The entry of a negotiated plea is a strong indicator of the voluntariness of the plea. Moreover, the law does not require that the defendant be pleased with the outcome of his decision to enter a plea of guilty: All that is required is that his decision to plead guilty be knowingly, voluntarily and intelligently made.

*Commonwealth v. Reid*, 117 A.3d 777, 782–783 (Pa. Super. 2015) (internal citations, quotations, and brackets omitted).

Furthermore, statements made during the plea colloquy bind an appellant and he may not assert grounds for withdrawing his plea that contradict those statements. *Id.*, citing *Commonwealth v. McCauley*, 797 A.2d 920, 922 (Pa. Super. 2001) (defendant is bound by statements he makes during plea colloquy, and may not assert grounds for withdrawing plea that contradict statements made when he pleaded guilty). "The longstanding rule of Pennsylvania law is that a defendant may not challenge his guilty plea by asserting that he lied while under oath, even if he avers that counsel induced the lies." *Commonwealth v. Turetsky*, 925 A.2d 876, 881 (Pa. Super. 2007) (citation omitted). "[W]here the totality of the circumstances establishes that a defendant was aware of the nature of the charges, the plea court's failure to delineate the elements of the crimes at the oral colloquy, standing alone, will not invalidate an otherwise knowing and voluntary guilty plea." *Commonwealth v. Morrison*, 878 A.2d 102, 107, (Pa. Super. 2005) (*en banc*) (citation omitted).

Here, Appellant executed a signed written guilty plea colloquy. In that written colloquy, Appellant acknowledged twice that his attorney explained the elements of the crimes to him prior to pleading guilty. *See* Written Guilty Plea Colloquy, 11/30/2015 at 1 ("My lawyer told be what the elements of the crime(s) are that the District Attorney must prove to convict me."); *see also id.* at 3 ("The facts of the case have been read to me. The crimes and elements of the crime(s) have been explained to me. I committed the crime(s), and that is why I am pleading guilty."). Those statements bind Appellant and he cannot now claim otherwise. As such, there is no merit to Appellant's contention that counsel was ineffective for failing to explain the elements of the crimes prior to the entry of the guilty plea. Hence, the PCRA court properly dismissed Appellant's PCRA petition and no relief is due.

Order affirmed.

*Judgment Entered.*

Joseph D. Seletyn, Esq.
*Prothonotary*

Date: 8/16/2018