J-S73033-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JAMIE CRUZ, SR. | : | |
| | : | |
| Appellant | : | No. 728 WDA 2018 |

Appeal from the PCRA Order April 20, 2018
In the Court of Common Pleas of Erie County
Criminal Division at No(s):  CP-25-CR-0002299-2016

BEFORE:  GANTMAN, P.J., BENDER, P.J.E., and OLSON, J.

MEMORANDUM BY OLSON, J.:                **FILED DECEMBER 7, 2018**

Appellant, Jamie Cruz, Sr., appeals from the April 20, 2018 order dismissing his first petition filed pursuant to the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  We vacate and remand for further proceedings consistent with this memorandum.

As our resolution of this appeal is based on the procedural posture of this case, we do not set forth the factual background.  On March 28, 2017, Appellant pled guilty to making terroristic threats,[1] simple assault,[2] receiving

_____

[1] 18 Pa.C.S.A. § 2706(a)(1).

[2] 18 Pa.C.S.A. § 2701(a).

stolen property,[3] and stalking.[4]  On May 9, 2017, the trial court sentenced Appellant to an aggregate term of two and one-half to five years' imprisonment.  Appellant did not file a direct appeal.

On September 29, 2017, Appellant filed a timely *pro se* PCRA petition. Counsel was appointed and filed an amended petition.  In the amended petition, Appellant averred, *inter alia*, that he was coerced by plea counsel to enter a guilty plea.  He also asserted that he instructed plea counsel to file a direct appeal and plea counsel failed to do so.  On March 21, 2018, the PCRA court issued notice of its intent to dismiss the petition without an evidentiary hearing.  ***See*** Pa.R.Crim.P. 907.  On April 20, 2018, the PCRA court dismissed the petition.  This timely appeal followed.[5]

Appellant presents four issues for our review:

1. Whether the [PCRA c]ourt erred in failing to find ineffective assistance of counsel relative to . . . counsel's abrogation of [A]ppellant's direct [appellate rights]?

2. Whether the [PCRA c]ourt erred in finding meritless the *habeas corpus* challenge that several of the criminal charges were bound over . . . without any legal predicate?

3. Whether the [PCRA c]ourt erred in failing to find that the guilty plea[ was] invalidated by ineffective assistance of counsel?

---

[3] 18 Pa.C.S.A. § 3921(a).

[4] 18 Pa.C.S.A. § 2709.1(a)(1).

[5] Appellant and the PCRA court complied with Pennsylvania Rule of Appellate Procedure 1925.

4. Whether the [PCRA c]ourt erred in failing to find that the police authorities wrongfully and illegally seized [personal items from Appellant] and are now wrongfully withholding said items?

Appellant's Brief at 2.[6]

In his first issue, Appellant argues that his plea counsel rendered ineffective assistance of counsel by failing to file a direct appeal as Appellant instructed. "[T]he Sixth Amendment to the United States Constitution and Article I, [Section] 9 of the Pennsylvania Constitution, [entitle a defendant] to effective counsel. This right is violated where counsel's performance so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." *Commonwealth v. Simpson*, 112 A.3d 1194, 1197 (Pa. 2015) (cleaned up). "A criminal defendant has the right to effective counsel during a plea process as well as during a trial." *Commonwealth v. Hickman*, 799 A.2d 136, 141 (Pa. Super. 2002). However, "[a]llegations of ineffectiveness in connection with the entry of a guilty plea will serve as the basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea." *Id.* Moreover, "[c]ounsel is presumed to have been effective." *Commonwealth v. Andrews*, 158 A.3d 1260, 1263 (Pa. Super. 2017). To prevail on an ineffective assistance of counsel claim, a "petitioner must plead and prove that: "(1) his underlying claim is of arguable merit; (2) the particular course

---

[6] We have renumbered the issues for ease of disposition.

of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and, (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the challenged proceeding would have been different." ***Commonwealth v. Johnson***, 179 A.3d 1153, 1158 (Pa. Super. 2018) (citation omitted). "A petitioner's failure to satisfy any prong of this test is fatal to the claim." ***Commonwealth v. Wholaver***, 177 A.3d 136, 144 (Pa. 2018) (citation omitted).

Notwithstanding these general rules relating to ineffective assistance of counsel, it is axiomatic that plea counsel's "failure to file a requested direct appeal constitutes ineffective assistance *per se*, such that the petitioner is entitled to reinstatement of direct appeal rights *nunc pro tunc* without establishing prejudice." ***Commonwealth v. Ousley***, 21 A.3d 1238, 1244 (Pa. Super. 2011), *appeal denied*, 30 A.3d 487 (Pa. 2011) (citation omitted). The PCRA court erroneously conflated the requirement that plea counsel **file** a direct appeal when instructed to do so by his or her client with an attorney's obligation to **pursue** a direct appeal. ***See*** PCRA Court Opinion, 6/6/18, at 15 (citations omitted). An attorney is always required to **file** a direct appeal when instructed to do so by his or her client. The attorney, however, may seek to withdraw from the representation if he or she concludes that the appeal is wholly frivolous. ***See Commonwealth v. McClendon***, 434 A.2d 1185 (Pa. 1981); ***Anders v. California***, 386 U.S. 738 (1967).

- 4 -

Appellant avers that he instructed plea counsel to file a direct appeal and plea counsel failed to file that direct appeal. If this averment is true, Appellant is entitled to reinstatement of his direct appellate rights *nunc pro tunc*. Hence, we vacate the PCRA court's order and remand for an evidentiary hearing to determine if Appellant instructed his plea counsel to file a direct appeal. As we grant Appellant relief on his first claim of error, we decline to address the other issues raised in his brief.

Order vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/7/2018