J-S73032-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| FRANK D. CLEMENT | : | |
| | : | |
| Appellant | : | No. 726 WDA 2018 |

Appeal from the PCRA Order April 21, 2018
In the Court of Common Pleas of Erie County
Criminal Division at No(s):  CP-25-CR-0002345-2014

BEFORE:  GANTMAN, P.J., BENDER, P.J.E., and OLSON, J.

MEMORANDUM BY OLSON, J.:                    FILED DECEMBER 11, 2018

Appellant, Frank D. Clement, appeals from the April 21, 2018 order denying his first petition filed pursuant to the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

On November 5, 2002, the United States District Court for the Western District of Pennsylvania sentenced Appellant to 39 months' imprisonment after he pled guilty to one count of possession of material depicting sexual exploitation of a minor.[1]  See United States v. Clement, 1:02cr005 (W.D. Pa.).

_____

[1] 18 U.S.C. § 2252.

From March 2014 through June 2014, Appellant possessed child pornography. On May 7, 2015, Appellant pled guilty to 20 counts of possession of child pornography.[2] On September 18, 2015, the trial court sentenced Appellant to an aggregate term of 25 to 50 years' imprisonment. This Court affirmed and our Supreme Court denied allowance of appeal. Commonwealth v. Clement, 156 A.3d 354, 2016 WL 5852151 (Pa. Super. 2016) (unpublished memorandum), appeal denied, 169 A.3d 13 (Pa. 2017).

On October 20, 2017, Appellant filed a pro se PCRA petition. Counsel was appointed and filed an amended petition. On April 4, 2018, the PCRA court held an evidentiary hearing. On April 21, 2018, the PCRA court denied the petition. This timely appeal followed.[3]

Appellant presents four issues for our review:

1. [Whether plea counsel was ineffective in advising Appellant to plead guilty?

2. Whether plea counsel's misstatement of the law constituted ineffective assistance of counsel?

3. Whether Appellant's sentence is illegal pursuant to Commonwealth v. Muniz, 164 A.3d 1189 (Pa. 2017)?

4. Whether Appellant's sentence is excessive in violation of the Eighth Amendment?]

_____

[2] 18 Pa.C.S.A. § 6312(d).

[3] Appellant and the PCRA court complied with Pennsylvania Rule of Appellate Procedure 1925.

Appellant's Brief at 2 (complete capitalization removed).[4]

"Our standard of review for issues arising from the denial of PCRA relief is well-settled. We must determine whether the PCRA court's ruling is supported by the record and free of legal error." Commonwealth v. Presley, 193 A.3d 436, 442 (Pa. Super. 2018) (citation omitted). In his first two issues, Appellant argues that his plea counsel rendered ineffective assistance of counsel.

"[T]he Sixth Amendment to the United States Constitution and Article I, [Section] 9 of the Pennsylvania Constitution, [entitle a defendant] to effective counsel. This right is violated where counsel's performance so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." Commonwealth v. Simpson, 112 A.3d 1194, 1197 (Pa. 2015) (cleaned up). "A criminal defendant has the right to effective counsel during a plea process as well as during a trial." Commonwealth v. Robinson, 185 A.3d 1055, 1063 (Pa. Super. 2018), appeal denied, 192 A.3d 1105 (Pa. 2018) (citation omitted). However, "[a]llegations of ineffectiveness in connection with the entry of a guilty plea will serve as the basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea." Id. Moreover, "[c]ounsel is presumed to have been effective." Commonwealth v. Andrews, 158 A.3d

_____

[4] We have renumbered the issues for ease of disposition.

1260, 1263 (Pa. Super. 2017). To prevail on an ineffective assistance of counsel claim, a petitioner must plead and prove that: "(1) his underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and, (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the challenged proceeding would have been different." Commonwealth v. Johnson, 179 A.3d 1153, 1158 (Pa. Super. 2018) (citation omitted). "A petitioner's failure to satisfy any prong of this test is fatal to the claim." Commonwealth v. Wholaver, 177 A.3d 136, 144 (Pa. 2018) (citation omitted).

Appellant argues that plea counsel provided ineffective assistance by assuring him that he would not receive the mandatory minimum sentence of 25 years' imprisonment.[5] Appellant argues that he pled guilty because, based on this advice, he believed that he would receive a lighter sentence. The transcripts of the plea hearing and the evidentiary hearing refute Appellant's assertions.

At the plea hearing, Appellant's plea counsel informed him that he was subject to a 25-year mandatory minimum. N.T., 5/7/15, at 8. She informed

---

[5] Appellant was subject to a 25 year mandatory minimum for each count to which he pled guilty because of his prior federal conviction for violating 18 U.S.C. § 2252. See 42 Pa.C.S.A. § 9718.2(a)(1) (requiring mandatory 25-year minimum sentence for all individuals previously convicted of offenses listed at 42 Pa.C.S.A. § 9799.14 at time of current offense). Section 2252 is enumerated in 42 Pa.C.S.A. § 9799.14(b)(12).

the trial court, however, that Appellant was reserving the right to challenge the constitutionality of the mandatory minimum on direct appeal. See id. The trial court stated that it believed the statute was constitutional and plea counsel conceded that was the current state of the law. See id. at 9. The on-the-record statements that plea counsel made at the guilty plea hearing were consistent with the advice she privately gave Appellant. See N.T., 4/4/18, at 62-63. Hence, we conclude that Appellant was not improperly advised that he could receive a sentence of less than 25 years, the mandatory minimum, after pleading guilty.

Appellant argues that plea counsel provided ineffective assistance by informing him that he lacked a reasonable defense. The record reflects, however, that plea counsel's advice was based on a forensic expert's examination of the computer in question combined with the information that Appellant provided plea counsel. See N.T., 4/4/18, at 61. Hence, counsel's advice was reasonable based on the information and analysis available to her.

Appellant contends that plea counsel was ineffective for speculating that his prior child pornography conviction would be admissible at trial. At the evidentiary hearing before the PCRA court, however, plea counsel explained why it was unclear whether Appellant's prior child pornography conviction would be admitted at trial. Id. at 60-61. This explanation was reasonable. Specifically, plea counsel stated that the only defense available to Appellant involved an attack on the credibility of a third-party. However, Appellant's

pursuit of that strategy would open the door to the jury learning of Appellant's prior child pornography conviction. This advice was reasonably directed to furthering Appellant's interests. Hence, contrary to Appellant's arguments, he was not induced into pleading guilty as a result of ineffective assistance of counsel. The advice provided by plea counsel was legally correct and rationally related to advancing Appellant's interests. Accordingly, Appellant is not entitled to relief on his first two claims of error.

In his third issue, Appellant argues that he is entitled to relief under Muniz. Appellant's crimes, however, occurred after the Sexual Offender Registration and Notification Act's enactment date. Hence, the ex post facto issues addressed in Muniz are not implicated in this case and the PCRA court correctly denied relief on this claim. See Commonwealth v. Strafford, 194 A.3d 168, 172 n.4 (Pa. Super. 2018).

In his final issue, Appellant argues that his lengthy prison sentence violated the federal and state constitutional prohibition against cruel and unusual punishment. This Court, however, has held that imposition of the mandatory minimum at issue in this case does not violate the state or federal constitution. See Commonwealth v. Colon-Plaza, 136 A.3d 521, 529–532 (Pa. Super. 2016). Accordingly, the PCRA court properly denied relief on this claim of error.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/11/2018