J-S61030-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JAMES BOOKER TURNER | : | |
| | : | |
| Appellant | : | No. 501 EDA 2018 |

Appeal from the PCRA Order January 26, 2018
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s): CP-46-CR-0009044-2015

BEFORE: BENDER, P.J.E., BOWES, J., and PANELLA, J.

MEMORANDUM BY BOWES, J.:          **FILED DECEMBER 27, 2018**

James Booker Turner appeals from the January 26, 2018 order denying PCRA relief. We affirm.

On May 3, 2016, Appellant entered a negotiated guilty plea to one count each of possession with intent to deliver ("PWID") (cocaine) and person not to possess a firearm. The court sentenced him to twenty-one months to four years imprisonment for PWID, and a concurrent four to eight years imprisonment on the firearm offense, which was the sentence agreed upon by the parties.

We glean the following from the Commonwealth's recitation of the factual basis for the guilty plea. On October 30, 2015, Appellant was residing, at least part of the time, at 1003 Dekalb Street in Norristown Borough, Montgomery County. A search warrant executed at that address yielded cocaine and a .380 handgun that was operable and loaded. N.T. Guilty

Plea/*Gagnon* Hearing, 5/3/16, at 6. Appellant admitted that he possessed the cocaine with the intent to deliver, and that, although he was a person not to possess due to a 2010 robbery conviction and a prior drug offense, he possessed the handgun at some point.[1] Appellant acknowledged that he discussed with counsel his pretrial and trial rights, as well as the terms of the plea agreement, prior to completing the written guilty plea colloquy that bore his signature. He represented to the court that he read all the questions and answered them truthfully, and that the initials and signature on the form belonged to him.

Defense counsel confirmed that he showed Appellant test results indicating that Appellant's DNA was present at two locations on the gun, and on at least one cocaine packet. Appellant acknowledged that counsel had shared with him the substance of a statement of a witness who lived in the residence, implicating Appellant in the crimes charged. After meeting with counsel and discussing the discovery and possible sentencing exposure, Appellant stated that he decided that it was in his best interest to accept the plea. Appellant also stipulated on the record that the criminal conduct resulting in the plea was a violation of his probation, and that the court could sentence him to eight to sixteen years imprisonment on the probation revocation.

_____

[1] Appellant recognized that PWID carried a possible sentence of twenty years in prison and a $200,000 fine; the charge of person not to possess a firearm carried a possible sentence of ten years imprisonment and a $25,000 fine.

After additional oral colloquy, the court accepted Appellant's plea, finding that it was knowingly, intelligently, and voluntarily entered, and sentenced Appellant in accordance with the agreement. Appellant was apprised of the ten-day limitation in which to seek withdrawal of his guilty plea or reconsideration of his sentence, and the thirty days in which to appeal.

Appellant did not file any post-sentence motions or a direct appeal. Rather, he filed a *pro se* PCRA petition on December 9, 2016, in which he alleged that plea counsel was ineffective. The court appointed Assistant Public Defender Raymond D. Roberts as counsel, and after several continuances, he filed an amended petition on Appellant's behalf. In the amended petition, counsel averred that plea counsel was ineffective as he was poorly prepared and he failed to litigate pretrial motions. In addition, he pled that Appellant had been assessed excessive costs. The Commonwealth filed a response in which it argued that all issues lacked merit. On August 11, 2017, the PCRA court issued Pa.R.Crim.P. 907 notice of its intent to dismiss the petition without a hearing.

Although PCRA counsel did not file a response to the Rule 907 notice, Appellant filed a timely *pro se* response in which he alleged that costs were improperly assessed. He also averred therein that PCRA counsel had failed to include in the amended petition his claim that trial counsel was ineffective for advising him to plead guilty to PWID (cocaine) when he was never charged with possession of cocaine.

The PCRA court appointed Patrick J. McMenamin, Esquire, as replacement counsel, and directed him to review the new claims with Appellant. On January 5, 2018, Attorney McMenamin submitted a no-merit letter and petition to withdraw pursuant to **Turner/Finley**,[2] expressing his opinion that Appellant was not entitled to relief. The court agreed, dismissed Appellant's PCRA petition, and granted counsel's petition to withdraw as counsel.

Appellant timely appealed *pro se* to this Court, complied with the PCRA court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, and the court issued its opinion. The matter is ripe for our review.

Appellant does not provide a statement of questions in his *pro se* brief.[3] However, in the portion of his brief designated as Argument, he addresses three claims that he identified in his Rule 1925(b) concise statement:

1. That plea counsel was ineffective in his pre-trial preparation and representation by having him plead to a charge that he was never charged with.

---

[2] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

[3] Appellant's *pro se* brief does not conform to our appellate rules as it consists of three pages of procedural history, conclusion, and undeveloped argument. Not one authority is cited in support of his position. **See generally** Pa.R.A.P. 2111-2119 (rules governing content and format of an appellant's brief). Although we could find his issues waived on this basis, we shall consider the issues presented to and addressed by the PCRA court.

2. That plea counsel was ineffective for refusing to file a motion to suppress the search warrant.

3. That the costs assessed should have been $60.00, not $200.00.

Appellant's Rule 1925(b) Concise Statement of Errors Complained of on Appeal, 3/9/18, at 1.

In reviewing the denial of PCRA relief, we must decide whether the PCRA court's factual determinations are supported by the record and free of legal error. *Commonwealth v. Brown*, __A.3d__, 2018 Pa. LEXIS 5489, *32-33 (Pa. 2018) (citing *Commonwealth v. Spotz*, 18 A.3d 244, 259 (Pa. 2011)). In doing so, we examine the findings of the PCRA court and the evidence of record in the light most favorable to the prevailing party at the PCRA level. *Commonwealth v. Burkett*, 5 A.3d 1260, 1267 (Pa.Super. 2010). To the extent that the PCRA court's credibility determinations are supported by the record, they are binding on this Court. However, we apply a *de novo* standard of review to the PCRA court's legal conclusions. *Id*.

Appellant's first two claims challenge the effectiveness of plea counsel. The following principles inform our review. Counsel is presumed to have rendered effective assistance, and the appellant bears the burden of proving ineffectiveness. *Commonwealth v. Rivera*, 10 A.3d 1276, 1279 (Pa.Super. 2010). To meet this burden, the appellant must plead and prove by a preponderance of the evidence that:

> (1)his underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have

some reasonable basis designed to effectuate his interests; and, (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the challenged proceeding would have been different.

*Commonwealth v. Johnson*, 179 A.3d 1153, 1158 (quoting *Commonwealth v. Fulton*, 830 A.2d 567, 572 (Pa. 2003)). Failure to satisfy any prong of the test will result in rejection of the appellant's ineffective assistance of counsel claim. *Id*. Where, as here, the appellant entered a guilty plea, he cannot establish the requisite prejudice unless he establishes that he would not have pled guilty in the absence of counsel's ineffectiveness, but would have proceeded to trial. *Commonwealth v. Rothfon*, 899 A.2d 365, 369-70 (Pa.Super. 2006).

Preliminarily, we note that Appellant does not allege that his plea was unknowing or involuntary or that he would not have pled guilty and would have gone to trial but for counsel's alleged ineffectiveness. Rather, Appellant contends first that counsel was generally unprepared, and further, that counsel advised him to plead guilty to PWID cocaine when he was not charged with that offense.

The record refutes the factual predicate of Appellant's initial claim. Although Appellant was originally charged with PWID (marijuana), the record reveals that the criminal complaint was amended to add a charge of PWID (cocaine). The criminal information charged Appellant with both PWID (marijuana) and PWID (cocaine). In addition, Appellant did not offer any

support for his vague claim that counsel was unprepared.[4]  Nor did he establish prejudice as he failed to allege that, but for counsel's lack of preparation, he would have gone to trial.  Thus, Appellant could not meet all three prongs of the ineffectiveness test.

Appellant's next claim that counsel was ineffective for failing to file a suppression motion is similarly flawed.  Counsel filed a suppression motion.[5]  **See** Motion to Suppress Defendant's Statements, 4/28/16.  When Appellant accepted the plea offer, he agreed to forego the litigation of that motion.  Thus, Appellant's second claim warrants no relief.

Finally, Appellant does not advance any argument or cite any authority in support of his claim that the costs assessed payable to the Crime Victim Compensation Fund could not lawfully exceed $60 per conviction.  On that basis alone, we may find waiver.  **See** Pa.R.A.P. 2119.  Nonetheless, the PCRA court correctly noted that the statute provides that the mandated costs are **at least** $60 per conviction, and thus, the court's imposition of costs of $100 at each count was lawfully permitted.  **See** 18 P.S. §11.1101(a)(1).  Accordingly, no relief is due on Appellant's final claim.

---

[4] In response to the court's oral plea colloquy, as well as in response to the written colloquy, Appellant stated that he was satisfied with counsel's representation.

[5] Appellant does not aver or argue that the suppression motion, if litigated, would arguably have had a chance of success.  Such a showing was required to prove the prejudice prong of the ineffectiveness test.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>12/27/18</u>