J-S13033-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
CURTIS TURNER :
:
Appellant : No. 1017 EDA 2020

Appeal from the PCRA Order Entered February 20, 2020
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0004240-2012

BEFORE: OLSON, J., KING, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.: Filed: May 13, 2021

Curtis Turner (Turner) appeals the order of the Court of Common Pleas

of Philadelphia County (PCRA court) summarily denying his petition for post-

conviction relief. In 2014, following a bench trial, Turner was found guilty of

attempted rape, attempted sexual assault, unlawful restraint, indecent

assault, terroristic threats and simple assault. He was designated as a

sexually violent predator (SVP) and sentenced to a prison term of 4 to 8 years,

followed by 8 years of probation. Turner now argues that he is entitled to

relief under the Post-Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546,

because his trial counsel was ineffective, his statutory SVP registration

_____

[*] Retired Senior Judge assigned to the Superior Court.

requirements are invalid,[1] and he was denied an evidentiary hearing. We affirm.

**I.**

At Turner's bench trial in the underlying criminal case, the prosecution introduced evidence that on March 21, 2012, Turner assaulted the victim, Y.W., as she exited a convenience store. Both Y.W. and her friend, who was present, Neika Stephenson, testified that Turner forcibly groped Y.W. and held her against a wall by her neck while verbally threatening to rape her. Y.W. resisted, causing she and Turner to fall to the ground. Moments later, Y.W. was able to run away and receive the aid of a passer-by who called the police. Turner was arrested and charged with the above offenses.

Turner's identity as the perpetrator was not in dispute. Y.W. testified at trial in 2013 that she had known Turner for over 10 years. The prosecution introduced 9 still photographs taken with a camera from a surveillance video footage of the incident, and both Y.W. and Stephenson confirmed that they accurately captured what had happened.

The defense received the surveillance photos in advance of trial, but the full video from which they were obtained was not admitted into evidence or disclosed to the defense. One of the investigating police officers, Christopher

---

[1] As a Tier III offender, the version of the Sexual Offenders Registration and Notification Act (SORNA) then in effect, 42 Pa.C.S. § 9799.15(a)(3), (e)(3), required Turner to register as an SVP for the rest of his life.

Brennan, testified that the video of the incident could not be recovered from the store's recording equipment. **See** Trial Transcript, 8/6/2013, at p. 110. Nothing in the record suggests that the video recording still existed at the time of Turner's trial or that the Commonwealth ever possessed it in a recordable format.

The defense argued that Y.W.'s account was not corroborated because none of the photos showed her or Turner on the ground. The defense also claimed that none of the evidence proved that Turner had the requisite intent to commit any violent or sexual offenses.

Turner was found guilty, and in addition to a prison term of 4 to 8 years and a probationary term of 8 years, he was ordered to comply with the lifetime registration requirements of SORNA. As a Tier III offender, Turner was designated an SVP. Among other requirements, the version of SORNA then in effect directed Turner to appear four times a year in person to verify his personal information to the Pennsylvania State Police.

Turner appealed, and the judgment of sentence was affirmed in **Commonwealth v. Turner**, 2084 EDA 2016 (Pa. Super. March 29, 2018). On March 7, 2019, Turner timely filed a counseled PCRA petition which was denied. He now raises four issues in his brief:

> 1. Whether the PCRA court erred by dismissing the PCRA petition when clear and convincing evidence was presented that trial counsel was ineffective for failing to object to the non-disclosure of **Brady** materials, failing to subpoena surveillance video of the alleged incident, failing to litigate speedy trial and speedy

sentencing motions, and refusing to allow [Turner] to testify in his own defense.

2. Whether the PCRA court erred by dismissing the PCRA petition when clear and convincing evidence was presented to establish a violation of [Turner's] constitutional rights to due process based on the prosecution's willful or inadvertent withholding of exculpatory or impeachment evidence, a surveillance video recording, that was material and favorable to him.

3. Whether the PCRA court erred by dismissing [Turner's] PCRA petition because the trial court issued an illegal sentence by imposing a punitive registration of SORNA which violated [Turner's] due process rights and extended the length of the sentence beyond the statutory maximum.

4. Whether the PCRA court erred by failing to grant an evidentiary hearing.

Appellant's Brief, at 8.

## II.

## A.

Turner first asserts that his trial counsel was ineffective by not seeking to obtain surveillance video footage of the incident or objecting that its non-disclosure was in violation of **Brady v. Maryland**, 373 U.S. 83 (1963). He also argues that counsel was ineffective by not moving to dismiss the charges on speedy trial grounds.[2] None of these grounds have merit.

---

[2] "Our standard of review for issues arising from the denial of PCRA relief is well-settled. We must determine whether the PCRA court's ruling is supported by the record and free of legal error." **Commonwealth v. Johnson**, 179 A.3d 1153, 1156 (Pa. Super. 2018) (internal quotation marks omitted). The findings of the PCRA court and the evidence of record are to be viewed in the
*(Footnote Continued Next Page)*

To prevail on a claim of ineffective assistance of counsel, a PCRA petitioner must prove each of the following:

> (1) the underlying legal claim was of arguable merit; (2) counsel had no reasonable strategic basis for his action or inaction; and (3) the petitioner was prejudiced – that is, but for counsel's deficient stewardship, there is a reasonable likelihood the outcome of the proceedings would have been different.

*Commonwealth v. Pier*, 182 A.3d 476, 478-79 (Pa. Super. 2018) (citations omitted). An ineffectiveness claim must be denied if any of those prongs are not met. *See Commonwealth v. Postie*, 200 A.3d 1015, 1022 (Pa. Super. 2018). Moreover, counsel cannot be found ineffective for failing to pursue a baseless or meritless claim. *See Commonwealth v. Epps*, 240 A.3d 640, 645 (Pa. Super. 2020). Counsel is presumed to be effective and the petitioner bears the burden of proving otherwise. *Id*.

Turner's related ineffectiveness claims regarding the surveillance video footage were properly denied because he never established that the evidence was ever obtainable by or in possession of the Commonwealth. In short, there was no exonerating *Brady* material to disclose, and Turner's trial counsel could not have been ineffective in failing to subpoena non-existent evidence.

Turner has provided no factual basis as to why he believes the Commonwealth withheld or destroyed the surveillance video footage. Nor

---

light most favorable to the Commonwealth. *Commonwealth v. Colavita*, 993 A.2d 874, 886 (Pa. 2010).

does Turner proffer any evidence that would refute the trial testimony of the investigating officer that the surveillance video footage could not be copied from the store that recorded it. Thus, the PCRA court did not err in denying either of these claims.

**B.**

Similarly, Turner's ineffectiveness claim regarding counsel's failure to seek dismissal of the case is without merit. He argues that he was entitled to a trial within one year from the date of his arrest, and that his trial counsel waived that right by allowing him to be tried over four months after the deadline had elapsed.

This claim fails in part because Rule 600 does not contemplate strict deadlines within which a defendant must be tried. Rather, the computation of the speedy trial period will only include delays attributable to the Commonwealth's failure to exercise due diligence in bringing the case to trial. **See** Pa.R.Crim.P. 600(c)(1).

When "attempting to demonstrate that counsel was ineffective for failing to pursue a Rule 600 claim," he "bears both the burden of demonstrating that there was arguable merit to his motion, and [that] he was prejudiced by the failure of counsel to pursue that motion." **Commonwealth v. Maddrey**, 205 A.3d 323, 328 (Pa. Super. 2019). "A PCRA petitioner must exhibit a concerted effort to develop his ineffectiveness claim and may not rely on boilerplate

allegations of ineffectiveness." ***Commonwealth v. Natividad***, 938 A.2d 310, 322 (Pa. 2007).

In the present case, Turner went to trial 16 months after his arrest date but he did not carry his initial burden of proving counsel's ineffectiveness on this ground. He has not alleged how the run date of his speedy trial period was exceeded due to the Commonwealth's failure to exercise due diligence. Turner's states alternatively that he did not consent to his trial counsel's continuances, but he does not specify why any of those delays were unreasonable or unnecessary for the preparation of his case. Thus, the PCRA court did not err in summarily denying this claim.

## C.

The last of Turner's ineffectiveness claims is that his counsel did not have him testify at trial on his own behalf. To prevail on a claim that counsel was ineffective for failing to call a defendant to the stand, it must be shown "(1) that counsel interfered with the defendant's right to testify, or (2) that counsel gave specific advice so unreasonable as to vitiate a knowing and intelligent decision to testify on his own behalf." ***Commonwealth v. Breisch***, 719 A.2d 352, 355 (Pa. Super. 1998).

In this case, Turner's claim is undeveloped and, therefore, without merit. He has not stated in his PCRA petition or brief what facts he would have testified to or how his testimony would have possibly affected the

outcome of the case. Thus, the PCRA court did not err in summarily denying this bald claim of ineffectiveness.

## III.

Turner's next claim is that the SORNA lifetime registration requirements imposed at his sentencing are unconstitutional because they exceed the term of his penal sentence. The only authority he cites in support is **Commonwealth v. Muniz**, 164 A.3d 1189 (Pa. 2017), where it was held that SORNA's registration requirements could not be imposed retroactively on offenders whose crimes preceded the enactment of the law.

Recently in **Commonwealth v. Elliot**, 3066 EDA 2019 (Pa. Super. April 5, 2021), ____ A.3d ____ (Pa. 2021), we held that since SORNA registration requirements are administrative and non-punitive in nature, constitutional challenges to the statute fall outside the ambit of the PCRA, which does not encompass such *civil* collateral consequences of a criminal conviction. Regardless, even if it were proper for us to consider the issue on the merits, no relief would be due because as to offenses committed on Turner's offense date (March 21, 2012), SORNA's registration requirements are constitutional.[3]

---

[3] The version of SORNA that applies as to offenses committed on March 21, 2012, is "Subchapter I," 42 Pa.C.S. § 9799.51-9799.75. In **Commonwealth v. Lacombe**, 234 A.3d 602, 615 (Pa. 2020), our Supreme Court explained that Subchapter I was enacted in 2018 to correct the constitutional deficiencies at issue in **Muniz**. To that end, Subchapter I would apply retroactively "for those sexual offenders whose crimes occurred between April 22, 1996 and December 20, 2012." **Lacombe**, 234 A.3d at 615; **see also** 42
*(Footnote Continued Next Page)*

**IV.**

Finally, Turner argues that he was erroneously denied an evidentiary hearing.  This claim is reviewed under an abuse of discretion standard. ***Commonwealth v. Reid***, 99 A.3d 470, 485 (Pa. 2014).

The PCRA court has discretion to dismiss a petition without a hearing when the court is satisfied "that there are no genuine issues concerning any material fact, the defendant is not entitled to post-conviction collateral relief, and no legitimate purpose would be served by further proceedings." ***Commonwealth v. Paddy***, 15 A.3d 431, 442 (Pa. 2011) (quoting Pa.R.Crim.P. 909(B)(2)).

"To obtain reversal of a PCRA court's decision to dismiss a petition without a hearing, [a petitioner] must show that he raised a genuine issue of fact which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing." ***Commonwealth v. Roney***, 79 A.3d 595, 604-05 (Pa. 2013).

In this case, we have already detailed above why none of Turner's claims have merit as a matter of law.  He did not raise any genuine issues of fact as to counsel's ineffectiveness or the constitutionality of his SORNA registration

---

Pa.C.S. § 9799.52(1) (outlining the temporal scope of Subchapter I).  The ***Lacombe*** Court held that the retroactive application of Subchapter I is constitutionally valid.  ***See Lacombe***, 234 A.3d at 626-27. ("We hold Subchapter I does not constitute criminal punishment, and the *ex post facto* claims forwarded by appellees necessarily fail.").  Thus, the holding of ***Lacombe*** is fatal to Turner's claim in this case.

requirements. No legitimate purpose would have been served by further proceedings. Accordingly, the PCRA court did not abuse its discretion in summarily denying Turner's petition.

Order affirmed.

Judge King joins the memorandum.

Judge Olson concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/13/21