J-A11045-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| OTIS JOSEPH | : | |
| | : | |
| Appellant | : | No. 3647 EDA 2018 |

Appeal from the PCRA Order Entered November 15, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0208371-2005,
CP-51-CR-0508241-2004, CP-51-CR-0508251-2004,
CP-51-CR-0806691-2005

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| OTIS JOSEPH | : | |
| | : | |
| Appellant | : | No. 1506 EDA 2021 |

Appeal from the PCRA Order Entered November 15, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0208371-2005

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| OTIS JOSEPH | : | |
| | : | |
| Appellant | : | No. 1507 EDA 2021 |

Appeal from the PCRA Order Entered November 15, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0508241-2004

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| OTIS JOSEPH | : | |
| | : | |
| Appellant | : | No. 1508 EDA 2021 |

Appeal from the PCRA Order Entered November 15, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0508251-2004

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| OTIS JOSEPH | : | |
| | : | |
| Appellant | : | No. 1509 EDA 2021 |

Appeal from the PCRA Order Entered November 15, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0806691-2005

BEFORE:  BOWES, J., STABILE, J., and McLAUGHLIN, J.

MEMORANDUM BY McLAUGHLIN, J.:                **FILED SEPTEMBER 7, 2022**

Otis Joseph appeals the denial of his Post Conviction Relief Act ("PCRA") petition. **See** 42 Pa.C.S.A. §§ 9541-9546. We affirm.

Following a trial in June 2005, a jury found Joseph guilty of multiple sex crimes and other related crimes he committed against two minors. The trial court sentenced him to an aggregate term of 22½ to 45 years' incarceration. In November 2006, in a separate case, a jury convicted Joseph of multiple sex

- 2 -

crimes and other related crimes he committed against three minors.[1] The trial court sentenced Joseph to 11 to 22 years' incarceration. This Court affirmed both judgments of sentence. **See Commonwealth v. Joseph**, No. 2393 EDA 2009, 37 A.3d 1240 (Table) (Pa.Super. filed Oct. 24, 2011); **Commonwealth v. Joseph**, No. 2394 EDA 2009, 37 A.3d 1240 (Table) (Pa.Super. filed Oct. 24, 2011). Our Supreme Court denied *allocatur*. **See Commonwealth v. Joseph**, 40 A.3d 1234 (Table) (Pa. filed March 21, 2012).

Joseph filed the instant timely *pro se* PCRA petition listing all docket numbers pertaining to both of his convictions. **See** *Pro Se* PCRA Petition, filed 3/23/12. The court appointed counsel who filed an amended petition raising claims of ineffective assistance of trial counsel for failing to call character witnesses. Counsel also raised a claim challenging the legality of Joseph's sentence under **Alleyne v. United States**, 570 U.S. 99 (2013). Counsel noted that there were other issues that Joseph raised in his *pro se* petition, but counsel concluded that those issues were meritless and therefore not included in the amended petition. **See** Amended PCRA Petition Memorandum, filed 11/17/17 at 7 ("The Defendant Joseph i[n] his *pro se* PCRA petitions has raised many issues. Counsel does not believe they are of arguable merit").

The court dismissed the petition and Joseph filed a *pro se* notice of appeal to this Court. PCRA counsel withdrew, and present counsel entered his appearance in August 2019. Upon a review of the record, we remanded the

---

[1] Joseph was represented by different counsel during the trial on this case.

case for the PCRA court to determine whether initial PCRA counsel had abandoned Joseph on appeal and for compliance with *Commonwealth v. Walker*, 185 A.3d 969 (Pa. 2018), and *Commonwealth v. Johnson*, 236 A.3d 1141 (Pa.Super. 2020) (*en banc*). The court determined that Joseph's initial PCRA counsel had abandoned him, and current counsel has resolved all issues concerning *Walker* and *Johnson*. The case has now returned to us and is ripe for review.

Joseph raises the following issues:

1. Did the Commonwealth violate *Brady* in its disclosure of evidence?

2. Was the verdict against the weight of the evidence?

3. Did the Court err in issuing a curative instruction after opening statements[?]

Joseph's Br. at 5.

"On appeal from the denial of PCRA relief, our standard of review is whether the findings of the PCRA court are supported by the record and free of legal error." *Commonwealth v. Sneed*, 45 A.3d 1096, 1105 (Pa. 2012) (citation omitted). Additionally, "a claim not raised in a PCRA petition cannot be raised for the first time on appeal." *Commonwealth v. Santiago*, 855 A.2d 682, 691 (Pa. 2004). Failure to include the claim in the PCRA petition will result in waiver of the claim. *Id.*; *see also* Pa.R.A.P. 302(a).

All of Joseph's issues on appeal are waived. He claims the Commonwealth committed a *Brady* violation, challenges the weight of the

evidence, and claims that the trial court erred in giving a curative instruction following defense counsel's comments during the opening statement. Joseph did not present any of these issues in his amended PCRA petition. We cannot entertain them for the first time on appeal. Pa.R.A.P. 302(a). As such, the claims are waived. *See Santiago*, 855 A.2d at 691.

Joseph also argues that trial counsel for each trial was ineffective. He claims that counsel was ineffective for failing to call a fact witness, request that the court colloquy a juror, and ask the stenographer to record the conversations with the court in chambers. None of these arguments were included in the statement of questions presented.

Issues not listed in the statement of questions will be deemed waived. *Werner v. Werner*, 149 A.3d 338, 341 (Pa.Super. 2016); Pa.R.A.P. 2116(a) ("No question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby"). Moreover, and perhaps more importantly, although the instant petition included an ineffectiveness claim, it was limited to counsel's failure to call character witnesses. Joseph's instant claim that counsel was ineffective in different ways is waived for this additional reason. *See* Pa.R.A.P. 302(a). We therefore affirm.[2]

Order affirmed.

_____

[2] To the extent that Joseph raised a challenge to a juror's actions and the failure to call a fact witness in his *pro se* PCRA petition, our review of his claims is limited to those preserved in counsel's amended PCRA petition. *See Commonwealth v. Johnson*, 179 A.3d 1153, 1157 (Pa.Super. 2018) (finding waiver of issue raised on appeal that was raised in *pro se* PCRA petition but not in counseled amended petition).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>9/07/2022</u>