J-S33005-24
J-S33006-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MARSHALL THOMAS WAGNER | : | |
| Appellant | : | |
| | : | No. 1692 MDA 2023 |

Appeal from the PCRA Order Entered November 13, 2023
In the Court of Common Pleas of Mifflin County Criminal Division at
No(s): CP-44-CR-0000488-2022

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MARSHALL THOMAS WAGNER | : | |
| Appellant | : | No. 1693 MDA 2023 |

Appeal from the PCRA Order Entered November 13, 2023
In the Court of Common Pleas of Mifflin County Criminal Division at
No(s): CP-44-CR-0000003-2023

BEFORE:  OLSON, J., KUNSELMAN, J., and NICHOLS, J.

MEMORANDUM BY OLSON, J.:          **FILED: SEPTEMBER 30, 2024**

Appellant, Marshall Thomas Wagner, appeals from the November 13, 2023 order dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541–9546.[1]  We affirm.

---

[1] As detailed more fully below, Appellant was originally charged with various offenses at trial court docket number CP-44-CR-0000488-2022 (488-2022). *(Footnote Continued Next Page)*

On October 28, 2022, Officer Jason R. Ciccolini of the Lewistown Police Department was patrolling the Mifflin County School District area when he observed Appellant.  At that time, Officer Ciccolini was familiar with Appellant and knew that there were active warrants for his arrest.  Officer Ciccolini therefore contacted "County Communications" and received confirmation that there existed four active arrest warrants for Appellant.  Criminal Complaint, 10/28/22, at *1 (unpaginated).  Accordingly, Officer Ciccolini approached Appellant and arrested him.  As Officer Ciccolini started moving Appellant, a female later identified as Appellant's then-girlfriend Megan McKnight, reached toward Appellant's "left side and grab[bed] something from him and place[d] it inside the front of her sweatshirt." *Id***.**  Officer Ciccolini immediately stopped McKnight, observed a firearm in her front sweatshirt pocket, and confiscated

_____

On December 8, 2022, the Commonwealth asked to sever the offense of possession of a firearm prohibited due to the potential for prejudice.  The trial court granted the Commonwealth's request for severance, thereby generating trial court docket number  CP-44-CR-0000003-2023 (03-2023).  On March 21, 2023, Appellant entered guilty pleas at both trial court dockets.  Thereafter, Appellant filed the instant PCRA petition at both trial court dockets and, on November 13, 2023, the PCRA court disposed of Appellant's claim at both dockets.  On December 12, 2023, Appellant filed notices of appeal at both dockets in compliance with **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018), *overruled in part*, **Commonwealth v. Young**, 265 A.3d 462 (Pa. 2021). The appeal from the order at docket number 488-2022 was lodged in this Court at 1692 MDA 2023 and the appeal from the order entered at PCRA court docket number 03-2023 was lodged in this Court at 1693 EDA 2023. Appellant has filed identical briefs and challenges the PCRA court's disposition of his PCRA claims on the same grounds in both matters.  We shall therefore consolidate Appellant's claims pursuant to Pa.R.A.P. 513 and address his claims in a single memorandum.  **See** Pa.R.A.P. 513 (allowing consolidation where two or more distinct appeals present the same question).

it. After additional officers arrived, Officer Ciccolini completed a search of Appellant's person and discovered a gun holster on his left hip. The confiscated firearm was later determined to be stolen.

On December 8, 2022, Appellant was charged at trial court docket number 488-2022 with possession of a firearm prohibited, receiving stolen property, firearms not to be carried without a license, possessing a weapon on school property, and obstruction. That same day, the Commonwealth asked to sever the offense of possession of a firearm prohibited due to the potential for prejudice. The trial court granted the Commonwealth's request for severance, thereby charging Appellant at trial court docket number 03-2023 with possession of a firearm prohibited. On March 21, 2023, Appellant entered a negotiated guilty plea to possession of a firearm prohibited at trial court docket number 03-2023 and receiving stolen property at trial court docket number 488-2022. That same day, the trial court sentenced Appellant to an aggregate term of five and one-half to 11 years' incarceration.

Appellant did not appeal his judgment of sentence. Instead, on April 12, 2023, Appellant filed a *pro se* PCRA petition. Thereafter, the PCRA court appointed counsel who subsequently filed an amended PCRA petition on August 21, 2023.[2] In his amended petition, Appellant argued that trial counsel

_____

[2] Appellant's judgment of sentence became final on April 20, 2023, 30 days after the time for filing a direct appeal expired. *See* 42 Pa.C.S.A. § 9545(b)(3) ("[A] judgment [of sentence] becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and

*(Footnote Continued Next Page)*

provided ineffective assistance. On November 8, 2023, the PCRA court convened a hearing on Appellant's petition during which his trial counsel, testified. Ultimately, on November 13, 2023, the PCRA court dismissed Appellant's petition. This timely appeal followed.

Appellant raises the following issue on appeal:

> Whether the [PCRA c]ourt erred in denying Appellant's [PCRA p]etition [and] determining that trial counsel was effective, despite [Appellant's testimony] that trial counsel refused to file a [m]otion to [s]upress?

Appellant's Brief at 5.

Our standard of review for challenges to the denial and dismissal of petitions filed pursuant to the PCRA is well-settled.

> We must determine whether the findings of the PCRA court are supported by the record and whether the court's legal

_____

the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review"); *see also* Pa.R.A.P. 903(a) (explaining that an appellant has "30 days after the entry of the order from which the appeal is taken" to file an appeal). Hence, Appellant's April 12, 2023 *pro se* PCRA petition was filed before his judgment of sentence became final, thereby rendering it a premature petition, subject to quashal. *See Commonwealth v. Kubis*, 808 A.2d 196, 198 n.4 (Pa. Super. 2002) (explaining that a PCRA petition filed before the judgment of sentence becomes final is considered a "premature petition" and "does not constitute a first PCRA petition."); *see also Commonwealth v. Neisser*, 2020 WL 603614, at *3 (Pa. Super. Feb. 7, 2020) (non-precedential decision) (quashing the appeal because the appellant "filed his PCRA petition prior to the finality of his judgment of sentence" and, as such, the appellant's "filing was a legal nullity, and the PCRA court lacked authority to consider it and should have dismissed it without prejudice toward [the a]ppellant's right to file a PCRA petition once the time for him to file a direct appeal had expired"). Appellant's amended petition, however, was filed on August 21, 2023, after his judgment of sentence became final. For this reason, we will treat Appellant's amended petition as his operative and timely-filed submission.

conclusions are free from error.  The findings of the PCRA court and the evidence of record are viewed in a light most favorable to the prevailing party.  The PCRA court's credibility determinations, when supported by the record, are binding; however, this [C]ourt applies a *de novo* standard of review to the PCRA court's legal conclusions.  We must keep in mind that the petitioner has the burden of persuading this Court that the PCRA court erred and that such error requires relief.  Finally, this Court may affirm a valid judgment or order for any reason appearing of record.

***Commonwealth v. Montalvo***, 205 A.3d 274, 286 (Pa. 2019) (citations omitted).

Herein, Appellant argues that the PCRA court erroneously denied his petition because trial counsel failed to move to suppress the incriminating evidence against him, *i.e.*, the firearm found in McKnight's front pocket, and, instead, advised him to enter a guilty plea.  Importantly,

An allegation of ineffectiveness based on counsel's failure to file or litigate a suppression motion is distinct from whether counsel was ineffective for advising a defendant to accept a plea.  The decision to litigate a suppression motion is a matter of counsel's professional judgment, and "[s]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." ***Commonwealth v. Johnson***, 179 A.3d 1153, 1160 (Pa. Super. 2018) (internal citation, quotations, and brackets omitted).  On the other hand, the "decision to enter a guilty plea is one of the fundamental decisions that must be decided by the criminal defendant." ***Id.*** at 1160.  Therefore, when the issue is not whether counsel failed to file or litigate a suppression motion, but instead that counsel ineffectively advised the defendant to accept a plea, the question is whether the advice itself is constitutionally sound.  As this Court has explained,

[w]here the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases.  In other words,

- 5 -

> a defendant need not be apprised of every possible suppression motion as a predicate to a finding that the plea was voluntary, because the decision to seek suppression is left to counsel as a matter of strategy in the event a plea bargain is not reached.
>
> *Id.* (internal citation and quotations omitted). Following successful plea negotiations and a plea of guilty, a defendant is bound by his statements made during the plea colloquy. *See Commonwealth v. Reid*, 117 A.3d 777, 783 (Pa. Super. 2015).

*Commonwealth v. Frye*, 2022 WL 10225179 *1, *3 (Pa. Super. 2022) (non-precedential decision).

Upon review, we conclude that Appellant's claim fails – and does so for two reasons. First, in contrast to Appellant's claims, it is apparent that Appellant entered a knowing, voluntary, and intelligent guilty plea. A review of the certified record reveals that Appellant initially signed a written guilty plea statement, wherein he agreed to plead guilty to possession of a firearm prohibited and receiving stolen property, with a total maximum sentence of five and one-half to 11 years' incarceration. Guilty Plea Statement, 3/21/23, at 1. By signing the guilty plea statement, Appellant agreed, *inter alia*, that his decision to enter a guilty plea was voluntary and that he knowingly surrendered his right "to file pre-trial motions," including "motions for suppression by which [he] could challenge the admissibility of the evidence the Commonwealth plan[ned] to use against him" as well as his "absolute right to have a trial by jury." *Id.* at 2 and 4. Then, during the guilty plea hearing, "Appellant admitted to the recitation of facts as stated." PCRA Court Opinion, 1/26/24, at 6; *see also* N.T. Guilty Plea/Sentencing Hearing,

- 6 -

3/21/23, at 4-5. As indicated above, Appellant is bound by the statements he made during his oral and written guilty plea colloquies which demonstrate that his decision to enter a negotiated guilty plea was made knowingly, voluntarily, and intelligently. **See Reid**, **supra**.

Second, we reject Appellant's contention that trial counsel's advice to plead guilty, rather than pursue a suppression motion, fell wholly outside "the range of competence demanded of attorneys in criminal cases." **Commonwealth v. Timchack**, 69 A.3d 765, 769 (Pa. Super. 2013) (citation omitted); **see also** Appellant's Brief at 13 (claiming that "his plea was unlawfully induced because his [trial] counsel did not have a reasonable basis for advising [him] to plead guilty rather than [move] to suppress the incriminating evidence."). Initially, a review of the evidence presented at the November 9, 2023 hearing demonstrated that, in contrast to Appellant's claims, filing a suppression motion in this instance "would have been fruitless." PCRA Court Opinion, 1/26/24, at 4. The PCRA court described the evidence presented during the November 9, 2023 hearing as follows:

> [T]he Commonwealth played a body cam footage of the interaction between Officer Ciccolini, Appellant and [] McKnight. As Officer Ciccolini was asking Appellant to place his hands behind his back and informing him that he had active arrest warrants, Officer Ciccolini notice[d] something being passed between Appellant and [] McKnight. Officer Ciccolini ask[ed], "What did you just pass off?" He then states, "You just passed something off. You come here." Officer Ciccolini again states, "What was just passed off in your hand?" That's what I thought. A gun, really?" Later, Officer Ciccolini explain[ed] to [another officer] what he witnessed, stating, "He has a warrant. And when I was walkin[g] him over, he hurried up and I [saw] her

hands stick inside of, in him, and hurry up and shove something in his pocket, so I [am] like what did you just shove in the pocket, I look in there and there [is] a gun."

*Id*. at 3-4. Hence, Officer Ciccolini "observed unusual conduct between Appellant and [] McKnight" that "rightfully" led him to believe that criminal activity was afoot, rendering Officer Ciccolini's subsequent search and seizure of McKnight constitutionally permissible pursuant to *Terry v. Ohio*, 392 U.S. 1 (1968). *Id*. at 4; *see Commonwealth v. Scarborough*, 89 A.3d 679, 683 (Pa. Super. 2014) ("It is well-established that a police officer may conduct a brief investigatory stop of an individual if the officer observes unusual conduct which leads him to reasonably conclude that criminal activity may be afoot. Moreover, if the officer has a reasonable suspicion, based on specific and articulable facts, that the detained individual may be armed and dangerous, the officer may then conduct a frisk of the individual's outer garments for weapons.") (citation omitted); *see also Commonwealth v. Clemons*, 66 A.3d 373, 381 (Pa. Super. 2013) (citation omitted) (accord).

Furthermore, the evidence and testimony presented at the PCRA hearing demonstrated that, even if Appellant successfully suppressed the firearm, the Commonwealth had at its disposal an overwhelming amount of circumstantial evidence demonstrating Appellant's guilt. In particular, Appellant's counsel testified that, before trial, he learned that the Commonwealth planned to introduce two admissions Appellant made while incarcerated, one during a telephone call and the other during a video call. The admissions indicated that Appellant possessed a firearm at the time of his

arrest. *See* PCRA Court Opinion, 1/26/24, at 5 (Appellant stating during a video call he made while incarcerated that the police "arrested [him] for a warrant" and that he "had a firearm" at that time); *see also* N.T. PCRA Hearing, 11/9/23, at 50 (Appellant stating during a telephone call he made while incarcerated that his then-girlfriend, McKnight, "grabbed the firearm out of his holster and put it in her hoodie."); N.T. PCRA Hearing, 11/9/23, at 48 (gun holster discovered on Appellant's left hip after he was arrested). In addition, trial counsel knew that McKnight planned to "testify against [Appellant at trial] with respect to who possessed a firearm." *Id*. at 51-52. In light of the foregoing, we, like the PCRA court, hold that trial counsel's decision to forgo the filing of a motion to suppress and, instead, advise Appellant to enter a guilty plea, did not fall outside the range of competence so as to undermine the validity of his plea.

We therefore conclude that Appellant entered a knowing, voluntary and intelligent guilty plea. We further conclude that the PCRA court correctly dismissed Appellant's PCRA petition.

Order affirmed.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: 9/30/2024