J-S69009-17

2018 PA Super 32

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| STEFON DUPREE JOHNSON | |
| Appellant | No. 1938 WDA 2016 |

Appeal from the PCRA Order November 22, 2016
In the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0002133-2014

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| STEFON DUPREE JOHNSON | |
| Appellant | No. 1939 WDA 2016 |

Appeal from the PCRA Order November 22, 2016
In the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0001038-2014

BEFORE:  BOWES, RANSOM, JJ. and STEVENS, P.J.E.*

OPINION BY BOWES, J.:                    **FILED  FEBRUARY 15, 2018**

Stefon Dupree Johnson appeals *pro se* from the denial of his PCRA petition.  We affirm.

We previously set forth the facts in our published opinion denying Appellant's direct appeal, which we adopt herein:

_____
* Former Justice specially assigned to the Superior Court.

Between March 9 and March 17, 2014, Johnson entered three separate businesses with a small handgun and instructed the individuals therein to empty the contents of the cash registers. State police officers arrested Johnson on March 18, 2014 and charged him with conspiracy, robbery, receiving stolen property, firearms not to be carried without a license, terroristic threats with intent to terrorize another, theft by unlawful taking, persons not to possess a firearm, simple assault, recklessly endangering another person, and possessing instruments of crime.

On November 26, 2014, Johnson pled guilty to two counts of robbery, and in exchange, the Commonwealth nolle prossed all other charges.

*Commonwealth v. Johnson*, 125 A.3d 822, 824 (Pa.Super. 2015). The court sentenced Appellant to two concurrent terms of 102 to 204 months incarceration. *Id*. at 825. After considering his appeal, we denied relief, and Appellant did not seek further review with the Supreme Court of Pennsylvania.

On February 24, 2016, Appellant timely filed a *pro se* request for PCRA relief, raising multiple issues. Appointed PCRA counsel filed an amended PCRA petition, styled as a "supplemental" petition. The petition sought to incorporate all issues raised in the *pro se* PCRA petition in addition to a claim that, pursuant to Pa.R.Crim.P. 591, Appellant should have been permitted to withdraw his guilty plea.[1] The petition noted that "[Appellant] has provided

---

[1] Rule of Criminal Procedure 591 states, in relevant part:

(A) At any time before the imposition of sentence, the court may, in its discretion, permit, upon motion of the defendant, or

*(Footnote Continued Next Page)*

documentary proof in the nature of correspondence from counsel dated January 27, 2015, in which [trial counsel acknowledges that Appellant] wanted to withdraw his pleas." Supplement to Motion for Post-Conviction Collateral Relief, 4/29/16, at 2-3. Based on that fact, the counseled petition argued that "no motion to pursue that remedy was ever initiated by counsel in contravention of the Petitioner's position[.]" *Id*. at 3. The petition alleged that this failure "squandered and relinquished" Appellant's opportunity to withdraw his guilty plea. *Id*.

The PCRA court denied relief following an evidentiary hearing, and Appellant filed a motion to proceed *pro se* and an accompanying notice of appeal. Counsel filed a separate notice of appeal on December 22, 2016.

On March 2, 2017, the PCRA court held a *Grazier*[2] hearing, and subsequently entered an order permitting Appellant to proceed *pro se*. Appellant complied with the PCRA court's order to file a concise statement of matters complained of on appeal. The PCRA court issued its opinion in response on May 8, 2017, and the matter is now ready for our review. Appellant raises the following issues:

*(Footnote Continued)* ───────────

> direct, *sua sponte*, the withdrawal of a plea of guilty or *nolo contendere* and the substitution of a plea of not guilty.

Pa.R.Crim.P. 591.

[2] *Commonwealth v. Grazier*, 713 A.2d 81 (Pa. 1998) (procedure for determining voluntariness of decision to waive counsel).

I. Was Appellant's post sentence investigation report padded in a fraudulent manner in an attempt to give Appellant more time?

II. Is Appellant a [repeat felon]?

III. Was [there] a breach of plea agreement?

IV. Was Appellant's [trial counsel] ineffective and did Appellant suffer prejudice as a result?

V. W[ere] Appellant's [appellate attorneys] ineffective and did Appellant suffer prejudice as a result?

Appellant's brief at 3.

"Our standard of review for issues arising from the denial of PCRA relief is well-settled. We must determine whether the PCRA court's ruling is supported by the record and free of legal error." ***Commonwealth v. Spotz***, 171 A.3d 675, 678 (Pa. 2017) (citing ***Commonwealth v. Washington***, 927 A.2d 586, 593 (Pa. 2007)).

We commence our analysis by discussing issue preservation. The counseled PCRA petition was captioned as a supplement to the *pro se* petition and included the following language:

Petitioner filed a Motion for Post Conviction Collateral Relief, which is incorporated by reference as if fully stated herein. The Petitioner has recited various claims sounding in ineffective assistance of counsel in regard to his plea counsel and appellate counsel, which I respectfully present and incorporate for evaluation by the Court. The Petitioner has provided a detailed account of the litigation of these cases including documentary proof as to communications with counsel and relevant pleadings issued during the course of the cases.

Supplement to Motion for Post Conviction Collateral Relief, 4/29/16, at 1. Thus, PCRA counsel attempted to preserve all issues raised in the *pro se* petition, while separately litigating one independent claim.

That effort to preserve the *pro se* issues fails. Counsel's attempt to incorporate by reference, without any further explanation or elaboration upon the legal validity of such claims, amounts to hybrid representation, which is not permitted. **See Commonwealth v. Tedford**, 960 A.2d 1, 10 n.4 (Pa. 2008) ("[A] criminal defendant currently represented by counsel is not entitled to 'hybrid representation'—*i.e.,* he cannot litigate certain issues *pro se* while counsel forwards other claims.") (citations omitted); **Commonwealth v. Markowitz**, 32 A.3d 706, 713 n.5 (Pa.Super. 2011) ("[T]he PCRA court is only permitted to address issues raised in a counseled petition.") (citations omitted). It is incumbent upon counsel to examine the merits of the *pro se* claims and determine whether those issues are worth pursuing in an amended petition. Thus, the *pro se* claims could not be merely incorporated, and, in turn, are waived on appeal.[3] Accordingly, we find that the sole claim preserved for our review is the one contained in the counseled PCRA petition.

---

[3] Additionally, at the PCRA hearing the Commonwealth asked which issues Appellant sought to pursue; PCRA counsel stated the plea issue was "the only issue that I perceived any merit in[.]" N.T. PCRA Hearing, 11/21/16, at 26.

With respect to the waived claims, we would conclude Appellant is not entitled to relief even if these issues were preserved. Appellant's first two issues are related, and concern the calculation of his prior record score, which resulted in a categorization of repeat felon ("RFEL").[4]

Appellant claims that the sentencing court incorrectly calculated his score by relying on invalid convictions. For instance, he maintains that a prior adjudication for "robbery . . . should be resisting arrest." Appellant's brief at 5. These types of arguments do not implicate the legality of the sentence and therefore must be properly preserved.[5] *See Commonwealth v. Sanchez*, 848 A.2d 977, 986 (Pa.Super. 2004) ("[A]ny misapplication of

_____

[4] The PCRA court concluded that the matter was previously litigated by virtue of our direct appeal opinion. We disagree. At issue in *Johnson* was a narrow issue concerning the calculation of Appellant's prior record score category, whereas here Appellant's current claim is that he was not adjudicated delinquent of several crimes used in the calculation of his category. We rejected Appellant's alternative argument that his prior record score should have been calculated as a five, holding that Appellant waived any allegation that his prior adjudications were improperly considered for prior record score purposes. Therefore, the accuracy of his prior convictions was not at issue.

[5] The basis for Appellant's claim is documentation labeled as a "cardex," which was obtained by trial counsel and summarized Appellant's juvenile history. These materials are not certified documentations regarding the actual crimes at issue, and do not establish that Appellant was not adjudicated delinquent of, *inter alia*, robbery. Moreover, Appellant's claim would appear to actually be a claim of ineffective assistance of counsel for stipulating to the accuracy of those prior convictions. *See* N.T. Sentencing, 1/28/15, at 10 ("As the Court has seen, he does have a juvenile record between 2009 and 2012[.]").

the Sentencing Guidelines constitutes a challenge to the discretionary aspects of sentence.") (citation omitted). We therefore do not review this claim in any event.

Appellant's third argument, that he was deprived of the benefit of his bargain, is also waived. The basis for this claim is that the Commonwealth requested consecutive sentences in the standard range, despite stating at the plea hearing that there was no agreement as to sentence. Assuming *arguendo* that Appellant could raise this free-standing claim in the PCRA context, the Commonwealth did not promise that it would remain silent at sentencing, only that there was no agreement as to sentence. Thus, even if preserved, the claim is meritless. Moreover, Appellant cannot establish prejudice since the trial court imposed concurrent sentences and therefore rejected the Commonwealth's request.

The remaining two claims are related, and challenge the effectiveness of Appellant's trial, appellate, and PCRA counsel. Our standard of review when considering an ineffectiveness claim applies the following principles.

> The law presumes counsel has rendered effective assistance. **Commonwealth v. Rivera**, 10 A.3d 1276, 1279 (Pa. Super. 2010). The burden of demonstrating ineffectiveness rests on Appellant. **Id.** To satisfy this burden, Appellant must plead and prove by a preponderance of the evidence that: "(1) his underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and, (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the challenged proceeding would have been different." **Commonwealth v. Fulton**, 574 Pa. 282,

830 A.2d 567, 572 (2003). Failure to satisfy any prong of the test will result in rejection of the appellant's ineffective assistance of counsel claim. ***Commonwealth v. Jones***, 571 Pa. 112, 811 A.2d 994, 1002 (2002).

***Id***. at 787–88.

With the exception of the claim contained within the "supplemental" petition, regarding trial counsel's effectiveness, these claims are waived. Alternatively, they do not afford relief.

We readily dispose of Appellant's claims attacking PCRA counsel's stewardship. It is well-settled that such assertions cannot be raised for the first time following a notice of appeal. ***Commonwealth v. Ford***, 44 A.3d 1190, 1201 (Pa.Super. 2012) ("[A]bsent recognition of a constitutional right to effective collateral review counsel, claims of PCRA counsel ineffectiveness cannot be raised for the first time after a notice of appeal has been taken from the underlying PCRA matter.").

Next, Appellant's challenges to trial and appellate counsels' representation all concern his decision to plead guilty. In brief, Appellant attached documentation provided to him upon appointment of counsel, which stated in pertinent part, "Listen to your attorney: You will be given advice from family, friends, co-workers . . . [y]our attorney is the person who knows all the details and all the information in regard to your case." *Pro se* PCRA petition, Exhibit A.1. Appellant maintains that he "followed his trial counsel['s] advice and was taken advantage of." Appellant's brief at 9.

Taken together, Appellant maintains that he was forced into accepting the plea.

This particular claim is virtually indistinguishable from an allegation that counsel coerced him into pleading guilty, which is waived since it could have been presented on direct appeal as a challenge to the voluntariness of his plea. **Commonwealth v. Reid**, 117 A.3d 777, 783 (Pa.Super. 2015) (reviewing voluntariness of plea on direct review); 42 Pa.C.S. § 9544(b) (an issue is waived under PCRA if it could have been raised in a direct appeal).[6]

Finally, we examine the only claim presented in the amended PCRA petition. Therein, Appellant faulted trial counsel for failing to file a motion to withdraw his plea. The petition claimed that plea counsel ineffectively waived Appellant's right to seek withdrawal pursuant to Pa.R.Crim.P. 591 by failing to file the requested motion. That claim is defeated by the simple fact that Appellant was given the opportunity to withdraw his plea. Prior to sentencing the trial court stated, "I did receive an email from [Appellant]'s counsel indicating that [Appellant], against the advice of counsel, may want to withdraw his plea. . . . [Appellant], is it your intent that you want to withdraw your guilty plea in this case?" N.T. Sentencing, 1/28/15, at 4-5.

_____

[6] Additionally, the challenge to the voluntariness would have to be preserved. **See Commonwealth v. Lincoln**, 72 A.3d 606 (Pa.Super. 2017).

Appellant stated, "No, sir." *Id*. at 5. Therefore, the failure to formally file a motion to withdraw could not possibly have prejudiced Appellant.

We recognize that Appellant also claimed that he did not know that he could refile his suppression motions if his plea was withdrawn, thereby suggesting that the ineffectiveness inquiry is cabined to a failure to fully explain that the suppression motions could be revived. At the evidentiary hearing, Appellant testified that he did not accept the judge's invitation to withdraw the plea because counsel "said that I withdrew my motion to suppress prior to the plea agreement so I couldn't go to suppression." N.T. PCRA, 11/21/16, at 10. Indeed, plea counsel corroborated that assertion, as she testified, "[H]ad he chosen to pursue plea withdraw[al], I would have argued that he [could refile] . . . but at that point that was something that we had waived as part of the plea. So it was definitely a possibility that it wasn't going to come in in the future." *Id*. at 28. As a result, Appellant maintains that he is entitled to relief because he was not told that he retained the right to suppress evidence if the matters were relisted for trial.

To the extent this claim was validly preserved, we do not agree that the result in this case turns on whether Appellant mistakenly believed that he was prevented from seeking suppression. Instead, we find that the question is simply whether counsel's advice to accept the plea was constitutionally sound. Our reasoning follows.

Appellant maintains that he would have elected to present his suppression motions had his plea been withdrawn. He therefore limits the prejudice inquiry to that narrow consideration. That argument fails to account for the fact that the key decision was whether to plead guilty or proceed to trial. "The 'defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" **Commonwealth v. Mallory**, 941 A.2d 686, 703 (Pa. 2008) (quoting **Hill v. Lockhart**, 474 U.S. 52, 59 (1985)).

The decision to enter a guilty plea is one of the fundamental decisions that must be decided by the criminal defendant. **See Jones v. Barnes**, 463 U.S. 745, 751 (1983) ("[T]he accused has the ultimate authority to make certain fundamental decisions regarding the case, as to whether to plead guilty, waive a jury, testify in his or her own behalf, or take an appeal[.]") (citations omitted). In contrast, the decision to litigate, or not litigate, suppression motions is left to counsel in the exercise of his or her professional judgment. "[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable[.]" **Strickland v. Washington**, 466 U.S. 668, 690 (1984). Thus, where counsel fails to file a suppression motion, a prejudice analysis is unnecessary so long as there was a reasonable strategic basis for failing to file the motion.

The upshot of these principles is that where a defendant alleges that counsel ineffectively failed to pursue a suppression motion, the inquiry is whether the failure to file the motion is itself objectively unreasonable, which requires a showing that the motion would be meritorious. *See Commonwealth v. Melson*, 556 A.2d 836, 839 (Pa.Super. 1989) ("Where the challenge is to a failure to move for suppression of evidence, the defendant must establish that there was no reasonable basis for not pursuing the suppression claim and that if the evidence had been suppressed, there is a reasonable probability the verdict would have been more favorable.").[7] That stands in stark contrast to Appellant's contention that prejudice is limited to asking whether the motion simply would have been **filed**. The prejudice inquiry still requires the defendant to establish that he would have filed the motion and proceeded to trial instead of accepting the plea, not simply that he would have filed the motion.

On the other hand, where the claim is that counsel ineffectively advised the defendant to accept a plea, the question is simply whether that

_____

[7] *Melson* concerned a case that proceeded to trial as opposed to a plea, but the same logic equally applies to a claim that a suppression motion should have been filed in lieu of accepting a plea. *See United States v. Cieslowski*, 410 F.3d 353, 360 (7th Cir. 2005) (examining ineffectiveness with respect to entry of guilty plea; "When the claim of ineffective assistance is based on counsel's failure to present a motion to suppress, we have required that a defendant prove the motion was meritorious.") (citations omitted).

advice itself is constitutionally sound. "Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." **Commonwealth v. Hickman**, 799 A.2d 136, 141 (Pa.Super. 2002) (citation and quotation marks omitted). In other words, a defendant need not be apprised of every possible suppression motion as a predicate to a finding that the plea was voluntary, because the decision to seek suppression is left to counsel as a matter of strategy in the event a plea bargain is not reached.

Herein, Appellant has made no showing whatsoever that the advice to accept the plea was not within the range of constitutionally competent advice. Furthermore, Appellant fails to account for the fact that counsel was obviously aware of potential suppression motions by virtue of the fact that she litigated them, and subsequently advised Appellant to accept the plea instead of continuing to proceed with the motions. The record in this case includes communications from plea counsel prior to sentencing, in which she advised Appellant that "we did have a shot at suppressing some items . . . [w]ithout the suppressible items, there are still eyewitnesses who were clear as day that you held a gun to them and robbed them." *Pro se* PCRA petition,

2/24/16, at Exhibit A6, p.2.[8]  In a separate communication, counsel informed Appellant of her belief that "You got an excellent plea given the facts and evidence . . . The consequences will likely be much, much worse after a losing trial than following a plea to lesser charges." *Id*. at Exhibit A6, p.3.  Counsel answered Appellant's questions regarding a possible plea withdrawal, but advised against that course of action given the strength of the remaining evidence not subject to suppression.  Thus, there is simply no attorney error to speak of with respect to this advice, which clearly had a reasonable strategic basis designed to effectuate Appellant's interests. ***Compare Hickman***, ***supra*** at 141 (counsel's advice to accept the plea was unsound, as it was based on "an ignorance of relevant sentencing law" and therefore devoid of any reasonable strategic basis).

Finally, Appellant fails to address the fact that he was facing three separate criminal cases.  As the United States Supreme Court has observed, "A defendant who accepts a plea bargain on counsel's advice does not necessarily suffer prejudice when his counsel fails to seek suppression of evidence, **even if it would be reversible error for the court to admit that evidence**." ***Premo v. Moore***, 562 U.S. 115, 129 (2011) (emphasis added).  That point is even plainer in circumstances such as this one, when

---

[8] At the PCRA hearing, counsel agreed that she sent the letters, and we therefore accept their authenticity.

Appellant faced three separate criminal informations charging three counts of robbery, in addition to various violations of the Uniform Firearm Act. Counsel negotiated a plea to two robbery counts, with the Commonwealth withdrawing all other charges. Appellant has failed to demonstrate why he would have rejected that plea and elected to face all of those charges. The PCRA court therefore correctly rejected his claim.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  2/15/2018