**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MATTHEW GARY HAVERLY | : | |
| | : | |
| Appellant | : | No. 1345 MDA 2020 |

Appeal from the PCRA Order Entered September 24, 2020
In the Court of Common Pleas of Bradford County Criminal Division at
No(s): CP-08-CR-0000462-2018

BEFORE: PANELLA, P.J., McCAFFERY, J., and PELLEGRINI, J.[*]

MEMORANDUM BY McCAFFERY, J.: **FILED: SEPTEMBER 27, 2021**

Matthew Gary Haverly (Appellant) appeals from the order entered in the Bradford County Court of Common Pleas, denying his first petition filed pursuant to the Post Conviction Relief Act (PCRA),[1] seeking relief from his plea of *nolo contendre* to the charges of involuntary manslaughter, prohibited offensive weapons, abuse of a corpse, and tampering with physical evidence.[2] On appeal, Appellant contends the PCRA court erred when it rejected his claim that trial counsel's ineffectiveness caused him to enter an involuntary plea. We affirm.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

[2] 18 Pa.C.S. §§ 2504(a), 908(a), 5510, 4910(1), respectively.

We glean the following facts from the plea hearing.

Patricia Haverly[ (Victim), Appellant's mother,] was found in [ ] Wyalusing Creek near her Camptown[, Pennsylvania] home on May 31, 2018. [ ]An autopsy showed [Victim] had bruises about her head and bruises on her wrists, no skull fractures but [ ] significant bruises. The forensic pathologist concluded [Victim] was in a weakened condition because of her physical health and intoxication [and] died as a result of those [ ] bruises. The [ ] evidence also [showed Victim] had been transported to the creek [ ] in a tarp and her shoes had been taken there with her. [U]pon further investigation of the home, the police found a set of metal knuckles[ ] in [Appellant's] room[. Appellant told police] that he had a long and disagreeable relationship with [Victim].

[Appellant] had long been treated for alcoholism [and] acknowledged that at various times he and [Victim] had [ ] scuffles, that he had grabbed her wrists, which explained the bruises on her wrists, [but] had no specific knowledge of what had happened. There was no one else in or about the home [and Victim] had few or no relationships[. N]o one else [had a] problem with [Victim or] any reason to take the corpse and put it in the creek or river where it might not be discovered.

[Appellant] repeatedly told police that he doesn't recollect what happened, [but] he does recollect various incidents where he pushed [Victim], grabbed her wrists, and seems to have recalled that he pushed her out of his room that night and there had been a lot of disagreeable behavior between them.

N.T. Plea H'rg, 3/1/19, at 13-14 (paragraph breaks inserted).

Appellant was subsequently charged with, *inter alia*, third degree murder, voluntary manslaughter,[3] and involuntary manslaughter. On March 1, 2019, pursuant to an agreement with the Commonwealth, Appellant pled *nolo contendre* to four misdemeanor crimes: involuntary manslaughter, prohibited offensive weapons, abuse of a corpse, and tampering with physical

_____

[3] 18 Pa.C.S. §§ 2502(c), 2503(a).

evidence. The parties agreed that the Commonwealth would dismiss the felony charges in exchange for a minimum sentence of 3 1/2 years' imprisonment. *See* N.T., 3/1/19, at 2-4 (Commonwealth explaining Appellant "is trading extra jail time to avoid [a] felony conviction"). On May 9, 2019, the trial court sentenced Appellant to an aggregate term of 3 1/2 to 14 years' incarceration. Appellant filed a post-sentence motion seeking reconsideration of his sentence, which the trial court denied on May 30, 2019. Appellant did not file a direct appeal.

On May 12, 2020, new counsel, Todd Mosser, Esquire, filed a timely PCRA petition, Appellant's first, followed by an amended PCRA petition on August 26, 2020. A PCRA hearing was held on September 1, 2020, where the Commonwealth presented the testimony of forensic pathologist Dr. William Cox and Richard Wilson, Esquire (trial counsel). Appellant testified on his own behalf. After the hearing, the PCRA court dismissed Appellant's petition on September 22, 2020.

On October 22, 2020, Appellant filed a notice of appeal and Attorney Mosser filed a motion to withdraw. Attorney Mosser then filed a timely concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b), before being permitted to withdraw on November 25, 2020. Jeana Longo, Esquire, was subsequently appointed to represent Appellant on appeal. Attorney Longo filed a motion to amend Appellant's 1925(b) statement, which the court granted on January 20, 2021. Attorney Longo then timely filed an amended 1925(b) statement *nunc pro tunc*.

Appellant raises the following claim on appeal:

Whether the PCRA court erred in denying Appellant's Amended Petition for Post-Conviction Relief when the evidence established that trial counsel was ineffective for failing to disclose the exculpatory evidence of the forensic pathologist's opinion in its entirety to [ ] Appellant before his plea of *nolo contendre*.

Appellant's Brief at 6.

Our review of an order denying a PCRA petition is well-settled: "We must determine whether the PCRA court's ruling is supported by the record and free of legal error." **Commonwealth v. Johnson**, 179 A.3d 1153, 1156 (Pa. 2018) (citation omitted). Furthermore, "[t]he PCRA court's factual findings and credibility determinations, when supported by the record, are binding upon this Court." **Commonwealth v. Small**, 238 A.3d 1267, 1280 (Pa. 2020).

Where a petitioner's claims raise allegations of prior counsel's ineffectiveness,

Appellant must plead and prove by a preponderance of the evidence that: "(1) his underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and, (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the challenged proceeding would have been different." Failure to satisfy any prong of the test will result in rejection of the appellant's ineffective assistance of counsel claim.

**See Johnson**, 179 A.3d at 1158 (citations omitted).

Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused [the] appellant to enter an involuntary or unknowing plea. In determining whether a guilty plea was entered knowingly and

- 4 -

intelligently, a reviewing court must review all of the circumstances surrounding the entry of that plea.

***Commonwealth v. Fears***, 86 A.3d 795, 806–07 (Pa. 2014) (citation omitted).

In his sole claim on appeal, Appellant argues the PCRA court erred in ruling trial counsel was not ineffective. Appellant's Brief at 11. Appellant contends trial counsel "did not disclose the forensic pathologist's [Dr. Cox's] opinion in its entirety" to him before he entered his *nolo contendere* plea. ***Id.*** Appellant maintains he was "unaware that Dr. Cox disagreed with the autopsy findings[,]" specifically, Victim's cause of death. ***Id.*** at 12. Dr. Cox could not determine if Victim died due to homicide or natural causes. ***Id.*** at 13. Appellant insists if trial counsel informed him of this "exculpatory" opinion, the outcome of the proceedings would have been different because he "would not have entered into a plea." ***Id.*** at 12, 14.

Preliminarily, we note both the Commonwealth and PCRA court insist the particular issue raised on appeal is waived. Commonwealth Brief at 12; PCRA Ct. Op., 3/15/21, at 2. We disagree. Appellant alleged in his amended PCRA petition that trial counsel "failed to share or review most of the discovery in this case[, including the] autopsy report." Appellant's Amended Petition for Relief Under the Post Conviction Relief Act, 8/26/20, at 12. He also incorrectly asserted that trial counsel failed to retain an expert to challenge the Commonwealth's theory that Victim "died as a result of a head trauma that supposedly exacerbated her 'heart disease.'" ***Id.*** at 13 (footnote omitted). Coincidentally, PCRA counsel retained the same expert as trial counsel — Dr.

Cox — to assert this point. At the PCRA hearing, Dr. Cox provided an opinion regarding Victim's cause of death. PCRA counsel was apparently unaware that Dr. Cox previously provided an opinion concerning Victim's cause of death to trial counsel, although he did not prepare a written report. PCRA Ct. Op., 9/22/20, at 5; N.T., PCRA H'rg, 9/1/20, at 22-23, 34. At the PCRA hearing, Appellant testified that while trial counsel told him the expert pathologist (Dr. Cox) opined the Victim's cause of death was "inconclusive," he was not informed of Dr. Cox's opinion that the Victim's "head trauma had no relevance" to her cause of death. *See* N.T., PCRA H'rg, at 62. Thus, his present claim was discussed at the PCRA hearing, and we decline to find it waived.

Nevertheless, we conclude Appellant's claim has no arguable merit. *See* ***Johnson***, 179 A.3d at 1158. Appellant asserts trial counsel did not inform him that Dr. Cox disagreed with the findings in the autopsy report that Victim's cause of death "included head trauma" and her manner of death was homicide. *See* Appellant's Brief at 13. He maintains that if he knew of this "exculpatory opinion," he would not have pled *nolo contendre*. Appellant's Brief at 14. However, we agree with the PCRA court that Appellant's claim is "based on the faulty premise that Dr. Cox's opinion was, on the whole, '**exculpatory**.'" PCRA Ct. Op., 3/15/21, at 4 (emphasis added). Rather, the PCRA court noted that "although Dr. Cox disagreed with the autopsy that listed head trauma as the cause of death, he acknowledged "that being assaulted and hit on the head **could have** caused [V]ictim's death[.]" ***Id.*** at 5 (emphasis added). Thus, Dr. Cox's opinion — which was, at best, inconclusive — was not

exculpatory. *See id.* at 6-7 ("In light of all the other physical evidence that suggested [Appellant] wrapped [Victim] in a tarp, put her in a wheelbarrow, and dumped her in the river, the possibility that she drowned was hardly exculpatory[.]").

Moreover, Appellant admitted that, prior to entering his plea, trial counsel told him the expert pathologist he consulted "could not come up with a conclusion" for the cause of death and that it was "inconclusive." N.T., PCRA H'rg, at 61. Similarly, at the PCRA hearing, Dr. Cox testified that based on Victim's numerous underlying conditions, he could not determine the exact cause or manner of death. *See id.* at 27. Thus, because Appellant concedes he was aware of Dr. Cox's disagreement with the autopsy findings before entering his plea, and Dr. Cox's opinion was not exculpatory, no relief is due.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/27/2021