J-S06043-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JOHN EDWARD HAFFEY JR. | : | |
| | : | |
| Appellant | : | No. 780 WDA 2024 |

Appeal from the PCRA Order Entered June 10, 2024
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0000605-2021

BEFORE:  PANELLA, P.J.E., LANE, J., and BENDER, P.J.E.

MEMORANDUM BY BENDER, P.J.E.:                **FILED:  March 28, 2025**

Appellant, John Edward Haffey Jr., appeals from the post-conviction court's June 10, 2024 order denying his timely-filed petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  Appellant alleges that the ineffective assistance of his trial counsel led him to enter a guilty plea that was not knowing, intelligent, and voluntary.  After careful review, we affirm.

The facts underlying Appellant's convictions are not pertinent to our assessment of the issues he raises herein.  Procedurally, Appellant (who was then on parole for another offense in an unrelated case) pled guilty on September 7, 2021, to possession of drug paraphernalia, 35 P.S. § 780-113(a)(32), and possession of drug precursors, 35 P.S. § 780-113.1(a)(3).  The court sentenced Appellant to two consecutive terms of one-year probation at each count, and directed that his probationary sentence be served

consecutively to another sentence he was serving in an unrelated case. Appellant did not file a direct appeal.

On September 9, 2022, Appellant filed a *pro se* PCRA petition. Counsel was appointed and filed an amended petition on March 18, 2024. On April 12, 2024, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's petition without a hearing. Appellant did not respond, and on June 10, 2024, the court issued an order dismissing his PCRA petition.

Appellant filed a timely notice of appeal, and both he and the court complied with Pa.R.A.P. 1925. Herein, Appellant states three issues for our review:

> A. Whether the [PCRA c]ourt committed legal error and abused its discretion in failing to grant PCRA relief based upon the claim that counsel coerced [Appellant] into entering the guilty pleas and induced him to enter the guilty pleas through misrepresentations in contravention of [Appellant's] consistent protestations that he was innocent of the criminal charges and that the search and seizure of his residence underlying the initiation of the criminal charges was illegal and subject to [a] suppression challenge and the fruits of that search failed to establish any criminal culpability or nexus to him to support the viability of the criminal charges and his entry of guilty pleas to the same?
>
> B. Whether the [PCRA c]ourt committed legal error and abused its discretion in failing to grant PCRA relief in that the plea proceeding was void and unenforceable and should be set aside in that [Appellant] was wholly incompetent when he engaged in the oral and written colloquy and that the guilty pleas as entered were the undue product of his condition then existing and that there was no basis to conclude that his entry of guilty pleas could have been pursued in an intelligent, knowing[,] and willful manner as mandated under the law?
>
> C. Whether the [PCRA c]ourt committed legal error and abused its discretion in failing to grant PCRA relief in the nature of the setting aside … [of Appellant's] guilty pleas in that the entry of guilty pleas

in this case was unlawfully induced in that defense counsel misrepresented to [Appellant] the collateral consequences of the entry of guilty pleas in specific regard to the impact upon the calculation of his parole date?

Appellant's Brief at 2.

We begin by recognizing that "[t]his Court's standard of review from the grant or denial of post-conviction relief is limited to examining whether the lower court's determination is supported by the evidence of record and whether it is free of legal error." *Commonwealth v. Morales*, 701 A.2d 516, 520 (Pa. 1997) (citing *Commonwealth v. Travaglia*, 661 A.2d 352, 356 n.4 (Pa. 1995)). Where, as here, a petitioner claims that he or she received ineffective assistance of counsel, our Supreme Court has directed that the following standards apply:

> [A] PCRA petitioner will be granted relief only when he proves, by a preponderance of the evidence, that his conviction or sentence resulted from the "[i]neffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S. § 9543(a)(2)(ii). "Counsel is presumed effective, and to rebut that presumption, the PCRA petitioner must demonstrate that counsel's performance was deficient and that such deficiency prejudiced him." [*Commonwealth v.*] *Colavita*, … 993 A.2d [874,] 886 [(Pa. 2010)] (citing *Strickland* [*v. Washington*, 466 U.S. 668 … (1984)]). In Pennsylvania, we have refined the *Strickland* performance and prejudice test into a three-part inquiry. *See* [*Commonwealth v.*] *Pierce*, [527 A.2d 973 (Pa. 1987)]. Thus, to prove counsel ineffective, the petitioner must show that: (1) his underlying claim is of arguable merit; (2) counsel had no reasonable basis for his action or inaction; and (3) the petitioner suffered actual prejudice as a result. *Commonwealth v. Ali*, … 10 A.3d 282, 291 (Pa. 2010). "If a petitioner fails to prove any of these prongs, his claim fails." *Commonwealth v. Simpson*, … 66 A.3d 253, 260 ([Pa.] 2013) (citation omitted). Generally, counsel's assistance is deemed constitutionally effective if he

chose a particular course of conduct that had some reasonable basis designed to effectuate his client's interests. ***See Ali***, ***supra***. Where matters of strategy and tactics are concerned, "a finding that a chosen strategy lacked a reasonable basis is not warranted unless it can be concluded that an alternative not chosen offered a potential for success substantially greater than the course actually pursued." ***Colavita***, … 993 A.2d at 887 (quotation and quotation marks omitted). To demonstrate prejudice, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." ***Commonwealth v. King***, … 57 A.3d 607, 613 ([Pa.] 2012) (quotation, quotation marks, and citation omitted). "'[A] reasonable probability is a probability that is sufficient to undermine confidence in the outcome of the proceeding.'" ***Ali***, … 10 A.3d at 291 (quoting ***Commonwealth v. Collins***, … 957 A.2d 237, 244 ([Pa.] 2008) (citing ***Strickland***, 466 U.S. at 694…)).

***Commonwealth v. Spotz***, 84 A.3d 294, 311-12 (Pa. 2014).

In Appellant's first issue, he contends that his plea counsel, Michael DeJohn, Esq., was ineffective for coercing Appellant into entering his guilty plea. According to Appellant, he "continually told Attorney DeJohn that he was 'completely innocent' of the criminal charges relating to possession of drug precursors and drug paraphernalia…." Appellant's Brief at 6. Appellant further avers that Attorney DeJohn was ineffective for not filing a suppression motion on the grounds

> that the search and seizure of [Appellant's] residence underlying the initiation of the criminal charges was illegal and subject to [a] suppression challenge[,] and the fruits of that search failed to establish any criminal culpability or nexus to [Appellant] to support the viability of the charges and his entry of guilty pleas to the same.

*Id.* Appellant then gives a lengthy discussion of why the search of his residence was ostensibly illegal, which we discuss *infra*. ***See id.*** at 6-10. Appellant concludes by contending

> that he possessed a viable factual and legal predicate to seek to suppress the search of his apartment. However, counsel rejected or disregarded the potential means to dispose of the criminal charges and instead advocated for the entry of the guilty pleas as what played out in this case. It is evident that[,] as a matter of law and by operation of entry of the guilty pleas, [Appellant] was waving [*sic*] and foregoing all legal challenge[s] and defenses as a result. [Appellant] argues that this election was the product of ill-conceived advice of counsel in disregarding the presence of a viable predicate to challenge the admissibility of the evidence seized as part of the pretextual search of his residence. Moreover, [Appellant] argues that the quantum of evidence supported his innocence and instead implicated his roommate[,] Paul Deck[,] as having a more compelling argument for conceiving of a nexus to the incriminating evidence over and beyond him.

*Id.* at 10.

Appellant's argument is unconvincing. Initially, this Court has explained:

> The decision to enter a guilty plea is one of the fundamental decisions that must be decided by the criminal defendant. ***See Jones v. Barnes***, 463 U.S. 745, 751 … (1983) ("[T]he accused has the ultimate authority to make certain fundamental decisions regarding the case, as to whether to plead guilty, waive a jury, testify in his or her own behalf, or take an appeal[.]") (citations omitted). In contrast, the decision to litigate, or not litigate, suppression motions is left to counsel in the exercise of his or her professional judgment. "[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable[.]" ***Strickland*** … 466 U.S. [at] 690…. Thus, where counsel fails to file a suppression motion, a prejudice analysis is unnecessary so long as there was a reasonable strategic basis for failing to file the motion.

The upshot of these principles is that where a defendant alleges that counsel ineffectively failed to pursue a suppression motion, the inquiry is whether the failure to file the motion is itself objectively unreasonable, which requires a showing that the motion would be meritorious. *See Commonwealth v. Melson*, … 556 A.2d 836, 839 ([Pa. Super.] 1989) ("Where the challenge is to a failure to move for suppression of evidence, the defendant must establish that there was no reasonable basis for not pursuing the suppression claim and that if the evidence had been suppressed, there is a reasonable probability the verdict would have been more favorable.").

*Commonwealth v. Johnson*, 179 A.3d 1153, 1160 (Pa. Super. 2018) (footnote omitted).

Thus, for Appellant to prove that Attorney DeJohn was ineffective for failing to pursue a motion to suppress evidence, he must demonstrate that such a motion would have been successful. For the reasons that follow, he has not overcome this hurdle.

Pennsylvania State Trooper Jesse King sought and received a search warrant for Appellant's residence based on the following facts alleged in the affidavit of probable cause. Trooper King averred that Appellant was on parole when Pennsylvania State Parole Agent Staci Evans contacted the Pennsylvania State Police to report that she had conducted a home visit at Appellant's residence and "observed multiple glass smoking pipes, a digital scale with white residue, tubing, cold pack compresses, [a] glass coffee pot with white residue, [a] hot plate from a coffee pot, … and needles." Affidavit of Probable Cause, 10/27/20, at 4. The affidavit stated that there were other residents of the home, including a man named Paul Deck. *Id.* Trooper King explained that, after Agent Evans contacted him to report the items she had observed,

- 6 -

he ran a "criminal history check" on Appellant, which "revealed numerous drug violations to include but not limited to possession with intent to deliver, drug possession[,] and possession of drug paraphernalia." *Id.* Trooper King also attested that, "[t]hrough investigative means[,] it was determined [that Appellant] purchased pseudoephedrine 11 times from [October 27, 2019,] through [October 27, 2020,] totaling 37.20 grams." *Id.* The trooper explained that pseudoephedrine was an agent used to manufacture methamphetamine. *Id.*

Based on these facts, Appellant has failed to prove that a motion to suppress the evidence discovered during the search of his residence would have been granted. First, although Appellant claims that Agent Evans' arrival at his residence on October 27, 2020, "was not a routine visit prompted by his status as a parolee, but was instead a pretextual visit seeking to buttress suspicions formulated by Trooper King[,]" he cites nothing in the record that would support this claim. Appellant's Brief at 7. Additionally, due to Appellant's status as a parolee, Agent Evans was permitted to conduct a warrantless search of his residence based only on a reasonable suspicion of criminal activity, which she certainly had after observing incriminating drug paraphernalia plain view when she visited his home. *See Commonwealth v. Hunter*, 963 A.2d 545, 551–52 (Pa. Super. 2008) ("Because the very assumption of the institution of parole is that the parolee is more likely than the ordinary citizen to violate the law, the agents need not have probable cause to search a parolee or his property; instead, reasonable suspicion is

sufficient to authorize a search. Essentially, parolees agree to endure warrantless searches based only on reasonable suspicion in exchange for their early release from prison.") (citing **Commonwealth v. Edwards**, 874 A.2d 1192, 1197 (Pa. Super. 2005) ("The theory behind allowing a parole officer to search a parolee's person upon a showing of reasonable suspicion as opposed to probable cause and to enter his residence without a warrant upon reasonable suspicion rests upon the lower expectation of privacy afforded one released from prison on parole.")).

However, rather than conducting a warrantless search, Agent Evans contacted Trooper King to obtain a warrant. Although Appellant claims that the warrant application "was fatally flawed wherein the [affidavit of] probable cause … was replete with false assertions[,]" he does not meaningfully elaborate on this allegation. Appellant's Brief at 6. Additionally, Appellant's insistence that the affidavit "fail[ed] to recite and reference that [Appellant] resided with another individual" is belied by the record, as the affidavit clearly stated that Paul Deck also lived in the home. *Id.* In sum, Appellant's vague and unsupported challenges to the validity of the search warrant for his residence fail to demonstrate that a motion to suppress would have been successful, had Attorney DeJohn filed one. Moreover, Appellant does not elaborate on how, exactly, counsel "coerced him into entering guilty pleas and induced him to enter the guilty pleas through misrepresentations" in regard to the filing of such a motion. *Id.* Consequently, Appellant's first ineffectiveness claim is meritless.

Next, Appellant claims that Attorney DeJohn was ineffective because he "knew or should have known" that Appellant was incompetent and unable to enter a knowing, intelligent, and voluntary plea. *Id.* at 12. According to Appellant, he had stopped taking his daily medications and,

> as a direct consequence of his physical disabilities and his withdrawal from his medications, he was unable to comprehend or offer knowing and willful responses during the course of the plea proceeding[,] and did not comprehend what he was doing or waiving as he lacked any awareness of what was explained to him in either oral or written form.

*Id.* at 11. Appellant claims that not only did Attorney DeJohn ignore his alleged incompetence, but counsel also "took advantage of his knowledge of [Appellant's] disabilities and the onset of incompetency from the cessation of the daily medication regimen." *Id.* at 12.

Again, no relief is due. Appellant cites nothing in the record of the plea proceeding that would support his assertion of incompetency. As the PCRA court pointed out in its Rule 907 notice (which it adopted in lieu of a Rule 1925(a) opinion), Appellant indicated during his oral colloquy that he understood his rights, the plea agreement, and the elements of the crimes to which he was pleading guilty. *See* Rule 907 Notice, 4/12/24, at 2-3 (citing N.T. Plea/Sentencing, 9/7/21, at 5-9). Appellant also stated that he was guilty of the crimes to which he was pleading guilty, and that no one was forcing or threatening him to enter his plea, or promising him anything in exchange for his plea. *Id.* at 3; *see also* N.T. Plea/Sentencing at 7-8, 9. We agree with the court that this "record does not support [Appellant's] claim that … his

health issues rendered him incompetent to enter his plea." Rule 907 Notice at 3. Additionally, nothing in the record supports Appellant's contention that Attorney DeJohn knew, or should have known, that he was incompetent, or that counsel took advantage of him in some way. Therefore, we concur with the court's decision that "[t]he record demonstrates that [Appellant's] plea was entered voluntarily and knowingly." *Id.*

Finally, Appellant argues that Attorney DeJohn was ineffective for not adequately apprising Appellant of the collateral consequences of entering his guilty plea. Specifically, Appellant claims that counsel "advised him that if the plea deal was accepted[,] he would be returned to [the state correctional institution] and that his parole[1] would follow the court's guidelines and that he would be released and able to see his mother[,] who was then 95 years of age[,] and recover his dog." Appellant's Brief at 12. Appellant argues that, instead, he was denied parole and might not be released until 2041. *Id.* at 13.

Notably, Appellant acknowledges that, "[g]enerally, a defendant's lack of knowledge of the collateral consequences of the entry of a guilty plea does not undermine the validity of the plea, and counsel is therefore not constitutionally ineffective for fail[ing] to advise a defendant of the collateral

---

[1] We presume that Appellant's referencing the possibility of parole in the unrelated case for which he was incarcerated at the time he entered the plea in the instant case.

consequences of a guilty plea." *Id.* (citing *Commonwealth v. Abraham*, 62 A.3d 343, 350 (Pa. 2012)). He contends, however, that

> in this instance[,] there are material factual distinctions formulating the claim asserted by [Appellant]. [A]ppellant is not only averring the absence of a clear and explicit explanation of the adverse impact the guilty plea would have on prospective revocation and the recalculation of his penultimate parole date, but further that counsel purposefully misrepresented the nature of that adverse consequence by creating the impression that he would return in the near future to tend to his ailing mother and retrieve custody of his dog. The other material factor at play relates to the basic competency and cognitive capacity given his medical issues. This condition served to exacerbate his capacity to be influenced by counsel's course of misrepresentation as to the parole date and cause him not to be able to enter a voluntary, knowing[,] and intelligent plea as commanded by law. The absence of any explanation of this collateral consequence and the misleading character of counsel's contentions serves to invalidate the plea process and permits the setting aside of the pleas as entered.

*Id.*

Again, Appellant cites nothing in the record to support his argument that he was misled or misinformed about the collateral consequences of his plea, or that he was incompetent and could not validly enter his plea. During the colloquy, Appellant was told of the maximum sentences and fines that he faced, and he stated he had no questions about the plea agreement. *See* N.T. Plea at 5-6. After hearing the factual basis for the charges pending against him, Appellant was again asked if he understood the plea agreement he was entering and stated he did. *Id.* at 8. Appellant was also asked if anyone had promised him anything in exchange for entering the plea, to which he responded, "No." *Id.* at 9. At no point did Appellant indicate that he was told

by counsel that he would be released from custody 'in the near future' if he entered his plea. Accordingly, the record does not support Appellant's assertion that Attorney DeJohn misinformed him about the collateral consequences of entering his guilty plea.

In sum, none of Appellant's ineffectiveness claims are meritorious. Accordingly, the PCRA court did not err in denying his petition.

Order affirmed.


Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary


**DATE: 3/28/2025**