J-S23002-25
J-S23003-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CURTIS LEON SMITH | : | |
| | : | |
| Appellant | : | No. 3077 EDA 2024 |

Appeal from the PCRA Order Entered October 17, 2024
In the Court of Common Pleas of Lehigh County
Criminal Division at No:  CP-39-CR-0002128-2021


| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CURTIS LEON SMITH | : | |
| | : | |
| Appellant | : | No. 3078 EDA 2024 |

Appeal from the PCRA Order Entered October 17, 2024
In the Court of Common Pleas of Lehigh County
Criminal Division at No:  CP-39-CR-0002415-2022


BEFORE:  STABILE, J., MURRAY, J., and SULLIVAN, J.

MEMORANDUM BY STABILE, J.:                    **FILED NOVEMBER 24, 2025**

Appellant, Curtis Leon Smith, appeals from the October 17, 2024, orders of the Court of Common Pleas of Philadelphia County, dismissing his petition under the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-46.  Upon review, we affirm.

The trial court provided the following background:

On May 1, 2023, [Appellant] entered an open plea of guilty to Count 1, Possession with Intent to Deliver a Controlled Substance (Methamphetamine), in both of the above-captioned matters. In exchange for the guilty pleas, the Commonwealth agreed to have the sentences run concurrently to each other and not to pursue the remaining counts of the Criminal Information. On the same date, [the trial court] sentenced [Appellant] to a term of imprisonment in a state correctional facility of not less than ninety-six (96) months nor more than (20) years in Case No. 2128/2021; and to a term of state imprisonment of not less than seventy-two (72) months nor more than fifteen (15) years in case No. 2415/2022, imposed concurrently to Case 2128/2021. The sentences imposed were within the standard range of the sentencing guidelines. For all intents and purposes, [Appellant] did not receive any additional jail time for pleading guilty in Case No. 2415/2022, as the sentence imposed in Case No. 2415/2022 was ordered to run concurrently to the sentence imposed in Case No. 2128/2021. Thereafter, on or about May 31, 2024, [Appellant] filed a [PCRA petition]. An evidentiary hearing relative to [Appellant's PCRA petition] was conducted on October 1, 2024. Thereafter, on October 17, 2024, [the trial court] denied [Appellant]'s requested relief. The within appeal followed on November 15, 2024.

On November 18, 2024, [the trial court] instructed [Appellant] to file of record and serve upon [the trial court] a concise statement of errors complained of on appeal no later than December 9, 2024, in accordance with Pennsylvania Rule of Appellate Procedure 1925(b). [Appellant] timely complied with said Order. . . .

Trial Court Opinion, 1/7/25, at 1-2.

On appeal, Appellant raises the following question for our review:

Was Appellant's counsel in the Court of Common Pleas ineffective in representing Appellant in case CP-39-CR-2128-2021 by indicating he would file a motion to suppress in case CP-39-CR-2415-2022, never filing such a motion or ensuring an extension of time to file such a motion, where Appellant detrimentally relied on the belief his counsel would file such a motion by rejecting an initial plea offer and ultimately accepting a more harsh plea offer to mitigate his damages.

- 2 -

Appellant's Brief at 3.

Appellant essentially claims that his rejection of the Commonwealth's original plea offer was not knowing due to his counsel's ineffectiveness. Specifically, he argues that he rejected the plea offer because he believed that counsel filed or would have filed a motion to suppress evidence obtained in Case No. 2415/2022. However, because counsel filed no motion to suppress in that case, Appellant believes that counsel was ineffective.

To better understand the issue before us, we must first set forth additional factual and procedural background relevant to the instant appeal.

Following the October 1, 2024, evidentiary hearing on Appellant's PCRA petition, the PCRA court made the following findings of fact.

> [Appellant] was familiar with privately retained attorney, Michael Donohue, Esquire, prior to the inception of Case No. 2128/2021, as Attorney Donohue had successfully represented him in a 2019 criminal matter before[.] Specifically, in the 2019 case, [Appellant] prevailed on his Omnibus Pretrial Motion to Suppress Evidence, which resulted in the case being dismissed. Therefore, [Appellant] desired that Attorney Donohue file[] a Motion to Suppress Evidence in Case 2128/2021, as he knew that he would not be victorious at trial based on the evidence in the Commonwealth's possession and, in a sense, Attorney Donohue believed that [Appellant] felt empowered by the previous 2019 victory. Attorney Donohue agreed with this strategic approach and, on March 9, 2022, Attorney Donohue filed an Omnibus Pretrial Motion in Case No. 2128/2021 in the form of a Motion to Suppress Physical Evidence.
>
> Thereafter, on June 3, 2022, [Appellant] was arrested in Case No. 2415/2022. [Appellant] wanted to take a similar strategic defensive approach with this case as well and desired Attorney Donohue to file[] an Omnibus Pretrial Motion in Case No. 2415/2022. Similar to Case No. 2128/2021, both Attorney

Donohue and his client recognized that there was little likelihood that [Appellant] would prevail at trial on this case. [A]fter reviewing discovery, Attorney Donohue believed that, based on his education and experience, there was little likelihood that any Motion to Suppress would be successful in Case No. 2145/2022. Attorney Donohue expressed this opinion to [Appellant] and did not file a Motion to Suppress Evidence.[FN1]

[FN1] In fact, after [Appellant]'s Omnibus Pretrial Motion was denied in Case No. 2128/2021, there were no further discussions between Attorney Donohue and [Appellant] with regard to filing Pretrial Motions in Case No. 2145/2022. Attorney Donohue indicated that had [Appellant] persisted and insisted that he file an Omnibus Pretrial Motion in Case No. 2415/2022, he would have filed same. Such was not the case. As Attorney Donohue testified, the filing of a Motion to Suppress would not have changed the dynamics of the case, as it was not viable. . . .

Moreover, [the PCRA court] finds [Appellant]'s assertion that Attorney Donohue told him that he would file a Motion to Suppress Evidence in Case No. 2145/2022 not to be credible. Indeed, Attorney Donohue testified that he met with [Appellant] several times in the Lehigh County Jail and prior to scheduled court appearances, as well as spoke on the telephone with [Appellant] to discuss the evidence in both matters and their approach to defending the cases; at no time during these discussions did he indicate to [Appellant] that he would file a Pretrial Motion in Case No. 2415/2022.

Weeks prior to the scheduled hearing on [Appellant]'s Omnibus Pretrial Motions on January 10, 2023 in Case No. 2118/2021, the Commonwealth offered [Appellant] a plea deal in which [Appellant] would enter a guilty plea to Count 1, Possession with Intent to Deliver a Controlled Substance (Methamphetamine), in both of the above-captioned matters. In exchange, the Commonwealth agreed to cap [Appellant]'s minimum sentence at four and a half (4 ½) years and not to pursue the other counts of the Criminal Informations. Without any plea deal in place, [Appellant]'s maximum exposure to incarceration was sixty-five (65) years to one hundred thirty (130) years. Attorney Donohue advised [Appellant] that, in his professional opinion, he should accept the guilty plea offer. During these discussions, Attorney

Donohue told [Appellant] the maximums he could receive, the standard ranges in both cases, and that there was no true viable suppression issue in Case No. 2415/2022 [FN2]

> [FN2] During the hearing, [Appellant] claimed that at the time that he was considering the guilty plea offer, he believed that Attorney Donohue already had filed a Pretrial Motion in Case No. 2415/2022. [The PCRA court] does not find this assertion to be credible. Indeed, during his testimony, [Appellant] back-pedaled and qualified his statement with "I'm not sure." In contrast, Attorney Donohue confidently testified that he advised [Appellant] that there was no viable suppression issue in Case No. 2415/2022.

Attorney Donohue also made [Appellant] aware that the Commonwealth indicated that the offer would only remain open until the commencement of the hearing on [Appellant]'s Omnibus Pretrial Motion. [Appellant] declined to follow the advice of counsel and *he* made the decision to proceed to the omnibus pretrial hearing as scheduled on January 10, 2023. . . . Thereafter, by Order and Opinion dated February 28, 2023, [the suppression court] denied [Appellant]'s motions. Trial was then scheduled for May 1, 2023.

On May 1, 2023, [Appellant] expressed to Attorney Donohue that he did not desire to proceed to trial. Instead, [Appellant] wanted Attorney Donohue to file a Motion for an *in camera* hearing with regard to the improper use of the Confidential Informants by the Pennsylvania Attorney General's Narcotics Agents. In addition, on that day, the Commonwealth offered a different plea agreement to [Appellant] which entailed an open plea to Count 1, Possession with Intent to Deliver a Controlled Substance (Methamphetamine), in both of the above captioned matters. In exchange for the guilty pleas, the Commonwealth agreed to have the sentences run concurrently to each other and not to pursue the remaining counts of the Criminal Informations. At that time, [Appellant] was also made aware that his appellate rights with regard to appealing the decision on the Omnibus Pretrial Motion to Suppress Evidence in Case No. 2128/2021 would not be preserved if a guilty plea were entered. Possessing this knowledge, [Appellant] made the decision to accept the guilty plea offer. The impetus behind him accepting the plea was that he understood that he would truly just be serving a sentence for the

one (1) count of Possession with Intent to Deliver a Controlled Substance (Methamphetamine) in case No. 2128/2021, as the sentences in the two (2) cases would run concurrently to each other and the other counts of the Criminal Informations would be withdrawn. On the same date, [the sentencing court] sentenced [Appellant] to a term of imprisonment in a state correctional facility of not less than ninety-six (96) months nor more than twenty (20) years in Case No. 2128/2021; and to a term of imprisonment of not less than seventy-two (72) months nor more than fifteen (15) years in Case No. 2415/2022, imposed concurrently to Case No. 2128/2021.

Subsequent to the sentencing, Attorney Donohue spoke with [Appellant] with regard to the forfeiture of property associated with the above-captioned matters. [Appellant] initially testified that he told Attorney Donohue that he wanted to withdraw his guilty plea. However, on cross examination, [Appellant] explained that he had placed a telephone call to Attorney Donohue but did not get in touch with him and did not leave a message detailing his desire to withdraw his guilty plea. [Appellant] then explained that he had requested that his girlfriend, Lakeisha Rolle, notify Attorney Donohue of his desire to withdraw his guilty plea. The testimony reflects that at no time did [Appellant] indicate to Attorney Donohue that he wanted to withdraw his guilty plea or file Post Sentence Motions. Moreover, [Appellant]'s girlfriend never reached out to Attorney Donohue on [Appellant]'s behalf with regard to filing any Post Sentence Motions.

PCRA Court Opinion, 10/17/24, at 2-7 (some footnotes omitted).

Based on the above factual and procedural background, and considering the applicable law, the PCRA court found that Appellant failed to prove that trial counsel was ineffective. We agree.

Our standard of review requires us

to consider whether the PCRA court's factual findings are supported by the record and free of legal error. **Commonwealth v. Rizor**, [304 A.3d 1034, 1050 (Pa. 2023)]. A PCRA court's credibility determinations, when supported by the record, are binding on an appellate court but its legal conclusions are reviewed de novo. **Id.** at 1051. Our scope of review is limited to

the PCRA court's findings and the evidence of record, which we view in the light most favorable to the prevailing party. ***Id.***

To be entitled to relief, a PCRA petitioner must prove by a preponderance of the evidence that the conviction or sentence at issue was the result of one or more of the circumstances set forth in Section 9543(a)(2) of the PCRA and establish that the claim has not been previously litigated or waived. ***Commonwealth v. Crispell***, [193 A.3d 919, 927-28 (Pa. 2018)] (citing 42 Pa.C.S. §§ 9543(a)(2),(3), 9544(a),(b)). The claims delineated in Section 9543(a)(2) include allegations of ineffective assistance of counsel and the violation of constitutional rights that so undermined the truth-determining process as to preclude a reliable adjudication of guilt, ***see*** 42 Pa.C.S. § 9543(a)(2)(i),(ii), the two categories into which [appellant's] claims fall.

**Ineffective Assistance of Counsel**

Counsel is presumed to be effective and it is a petitioner's burden to overcome this presumption by a preponderance of the evidence. ***Commonwealth v. Hairston***, [249 A.3d 1046, 1061 (Pa. 2021)]. To succeed on a claim of ineffective assistance of counsel, a petitioner must establish three criteria: (1) that the underlying claim is of arguable merit; (2) that counsel had no reasonable basis for his or her action or inaction; and (3) that petitioner was prejudiced as a result of the complained-of action or inaction. ***Rizor***, 304 A.3d at 1051. The failure to satisfy any one of these criteria is fatal to the claim. ***Id.*** To establish prejudice in the context of this standard, a petitioner must establish that there is a reasonable probability that the result of the proceeding would have been different but for the complained-of conduct. ***Commonwealth v. Dowling***, [316 A.3d 32, 40 (Pa. 2024)].

***Commonwealth v. Thomas***, 323 A.3d 611, 620-21 (Pa. 2024).

As noted above, Appellant essentially claims that his rejection of the Commonwealth's original plea offer was not knowing due to his counsel's ineffectiveness. In particular, he argues that he rejected the plea offer because he believed that counsel filed or would have filed a motion to suppress evidence obtained in Case No. 2415/2022. However, because counsel filed

no motion to suppress in that case, Appellant believes that counsel was ineffective.

Where, as in the instant matter, "a defendant alleges that counsel ineffectively failed to pursue a suppression motion, the inquiry is whether the failure to file the motion is itself objectively unreasonable, which requires a showing that the motion would be meritorious." **Commonwealth v. Johnson**, 179 A.3d 1153, 1160 (Pa. Super.2018) (citation omitted). The decision whether to litigate a suppression motion is left to counsel in the exercise of his or her professional judgment. **Id.** "[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable[.]" **Id.** (quoting **Strickland v. Washington**, 466 U.S. 668, 690 (1984)). "Thus, where counsel fails to file a suppression motion, a prejudice analysis is unnecessary so long as there was a reasonable strategic basis for failing to file the motion." **Id.**

In concluding that the trial counsel was not ineffective for not pursuing a motion to suppress, the PCRA court reasoned as follows:

> In the within matter, Attorney Donohue made the strategic decision not to file Omnibus Pretrial Motions in Case No. 2415/2022 by May 1, 2023, because[,] based on the discovery produced up to that time by the Commonwealth, Attorney Donohue did not believe, in his professional opinion, that an Omnibus Pretrial Motion would be a meritorious motion. Indeed, Attorney Donohue evaluated the viability of a Motion to Suppress and determined that there was little likelihood of success – much less likelihood of succeeding than the Omnibus Pretrial Motions filed in Case No. 2128/ 2021 that were litigated and lost. Additionally, [the PCRA court] notes that [Appellant] did not suffer any prejudice by not filing any Pretrial Motions in Case No.

2415/2022, as [Appellant] did not receive any additional jail time in this matter due to the concurrent nature of the plea agreement. Thus, [the PCRA court] cannot find that Attorney Donohue rendered ineffective assistance of counsel in this regard.

PCRA Court Opinion, 10/17/24, at 9.

We agree with the PCRA court's analysis and assessment.

Additionally, a review of Appellant's brief reveals that Appellant did not even attempt to explain how the suppression motion would have been meritorious. Appellant, having failed to make this showing, it is immediately apparent that Appellant is entitled to no relief. *Johnson*, *supra*.

To the extent that Appellant argues that trial counsel indicated to him that he had filed or intended to file a suppression motion in the 2022 case, Appellant has provided no evidence to substantiate his claim. *See*, *e.g.*, PCRA Court Opinion, 10/17/24, at 8. As such, the claim fails. *See*, *e.g.*, *Commonwealth v. Holloway*, 739 A.2d 1039, 1044 (Pa. 1999) (Because courts must presume that counsel was effective, it is the petitioner's burden to prove otherwise); *Commonwealth v. Murchison*, 328 A.3d 5, 17 (Pa. 2024) ("The petitioner bears the burden to prove, by a preponderance of the evidence, that he or she is eligible for PCRA relief.").

To the extent that the evidence supporting Appellant's claim is Appellant's own testimony, we note that the PCRA court did not believe Appellant's testimony, and the record supports the PCRA court's assessment. Thus, Appellant failed again to meet his burden. *Id.; see also Commonwealth v. Abu–Jamal*, 720 A.2d 79, 99 (Pa. 1998) ("Just as with

any other credibility determination, where the record supports the PCRA court's credibility determinations, those determinations are binding on this [C]ourt."); ***Thomas***, ***supra***.

In light of the foregoing, we affirm the order of the PCRA court.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 11/24/2025